

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2008

# USA v. Northcutt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3438

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Northcutt" (2008). *2008 Decisions.* Paper 1526.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1526

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3438

———————

UNITED STATES OF AMERICA

v.

RAYMON NORTHCUTT,
                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 05-cr-00242-1)
District Judge:  The Honorable David S. Cercone

———————

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2008

———————

Before: BARRY, CHAGARES and ROTH, Circuit Judges

(Opinion Filed: February 26, 2008)

———————

OPINION

———————

BARRY, Circuit Judge

        Appellant, Raymon Northcutt, appeals his sentence of 100 months imprisonment

for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2).[1]  We will affirm.

## I.

On October 10, 2004, police were called to the scene of a domestic dispute between appellant and his sister, Shauna.  When the police arrived, Shauna ran out of the house and said, "that's him in the car . . . and he's got a gun."  The police blocked appellant's vehicle, ordered him to get out, and asked where the gun was located, to which appellant responded, "I'm in enough shit," before admitting that it was under the driver's seat; indeed, the gun was protruding from underneath the seat.  In addition to the gun, the police recovered a clear plastic baggie containing 6.889 grams of cocaine from the console, and $4,796 in cash from appellant's pants pocket.

On March 16, 2006, appellant pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2),[2] and a presentence investigation report ("PSR") was prepared.  The base offense level was 24.  U.S.S.G. § 2K2.1(a)(2).  The PSR recommended a two level upward adjustment because the firearm possessed by appellant was stolen, U.S.S.G. § 2K2.1(b)(4), and a four level upward adjustment because appellant used or possessed the firearm in connection with other felony offenses, U.S.S.G. § 2K2.1(b)(5).  The other felony offenses were simple assault

---

[1] All references to the United States Sentencing Guidelines ("Guidelines") are to the Guidelines Manual in effect on November 1, 2005.

[2] State charges were also filed for violation of the Uniform Firearms Act, simple assault, receiving stolen property, possession of a controlled substance, possession with intent to deliver a controlled substance, and driving while under suspension.  The simple assault charge was later dropped.

and possession with intent to deliver a controlled substance, stemming from the allegations that appellant had pointed the gun at his sister and had been found in possession of cocaine at the time of his arrest. The PSR also recommended a three level downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1. Based on a total offense level of 27 and a criminal history category of IV, the Guideline range for imprisonment was 100 to 125 months, with a statutory maximum of 120 months. The District Court adopted the PSR's recommendations and sentenced appellant to 100 months imprisonment. As relevant here, the Court found by a preponderance of the evidence that appellant had pointed the gun at his sister and possessed the gun in connection with his possession of a distributable amount of cocaine.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over whether the District Court correctly determined the burden of proof. United States v. Rodriguez, 342 F.3d 296, 298 (3d Cir. 2003). We review the Court's factual findings for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007). We review the sentence imposed for reasonableness. United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007).

## III.

Appellant argues, first, that the District Court found that he had possessed the gun in connection with the simple assault as a result of wrongly shifting the burden of proof to

3

him and by relying solely on hearsay.[3]  Second, he argues that the Court erred in basing its finding that the gun was connected with the felony drug offense only because of its proximity to the cocaine.  Third, he argues that the Court should have required that the facts supporting the sentencing enhancement for possession of a gun in connection with another felony offense be proved beyond a reasonable doubt.  Finally, he argues that the Court overstated his criminal history and imposed a sentence greater than necessary to achieve the goals of sentencing by according presumptive weight to the Guidelines.

Appellant cites United States v. Guzman, 318 F.3d 1191 (10th Cir. 2003), in support of his argument that the District Court shifted the burden of proof to him and relied solely on hearsay.  In Guzman, the government produced no live witnesses or documentary evidence at the sentencing hearing regarding an incident in which Guzman had intimidated a government informant and as to which the government sought an obstruction of justice enhancement.  Id. at 1197.  The defendant testified at the hearing, and denied that the incident had occurred.  Id. at 1195.  The Tenth Circuit vacated the sentence and remanded for resentencing, finding that the district court's adoption of the presentence report with its statement that the defendant had not produced evidence to support his position effectively shifted the burden of proof onto the defendant with regard to the enhancement.  Id. at 1198.  Here, however, the government did not rely exclusively

_____

[3] Appellant cites the fact that the simple assault charge had been dropped.  The definition of felony offense under the Guidelines for purposes of a sentence enhancement, however, means "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained."  U.S.S.G. § 2K2.1(b)(5) cmt. n.4.

on the PSR, but also produced testimony from a police officer that appellant's sister told him he had pointed a gun at her. The Court did not shift the burden of proof but merely concluded that the police officer's testimony tipped the scales in favor of the government when weighed against no evidence to the contrary.

Further, the Federal Rules of Evidence do not generally apply in sentencing proceedings, and hearsay can be used as a basis for sentencing if it has a "sufficient indicia of reliability to support its probable accuracy." United States v. Campbell, 295 F.3d 398, 406 (3d Cir. 2002) (quoting U.S.S.G. § 6A1.3(a)). Here, no evidence casts doubt on the reliability of the police officer's testimony or Shauna's statement to him and his testimony was not contradicted by any other evidence. Indeed, appellant does even allege that the testimony was unreliable.

Turning to appellant's second argument, section 2K2.1(b)(5) of the Guidelines states:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

U.S.S.G. § 2K2.1(b)(5).[4] In United States v. Loney, 219 F.3d 281 (3d Cir. 2000), we considered the meaning of "in connection with" to determine whether the discovery of a

---

[4] The Supreme Court recently held that when a person trades his drugs for a gun, that person did not "use" a firearm "during in and in relation to" a drug trafficking crime within the meaning of 18 U.S.C. § 924(c)(1)(A). Watson v. United States, 128 S. Ct. 579, 586 (2007).

gun and twenty-nine packets of heroin in the clothing of the defendant warranted a finding that the gun was used in connection with the drug offense. The defendant admitted that the drugs were for purposes of sale, but stated that the gun was for his personal protection. Id. at 288. We found that it was reasonable for the district court to have inferred that, because the defendant possessed valuable and illegal drugs and possibly large amounts of cash following a sale, the gun was used for protection because of his drug dealing. Id. We held that "[t]he immediate availability of the gun while the defendant commits a crime that involves in-person transactions," and "the gun's 'potential of facilitating' such an in-person felony offense is sufficient to establish a relationship between the gun possession and the other offense." Id. Thus, "when a defendant has a loaded gun on his person while caught in the midst of a crime that involves in-person transactions, whether involving drugs or not, a district judge can reasonably infer that there is a relationship between the gun and the offense . . . ." Id. Similarly, here, the District Court correctly found that it was reasonable to infer from the presence of $4,796 in cash and a distributable amount of cocaine in close proximity to where the gun was discovered that appellant possessed the gun in connection with his possession of the cocaine for distribution.

We summarily dispose of appellant's third argument. We have made clear that the preponderance of the evidence standard applies to all facts relevant to the Guidelines, even when those facts constitute a separate offense. Grier, 475 F.3d at 567-68.

Finally, when calculating a sentence, a court must consider the Guidelines and the

relevant factors listed in 18 U.S.C. § 3553(a).  United States v. Gunter, 462 F.3d 237, 247

(3d Cir. 2006).  These factors include the nature and circumstances of the offense and the

characteristics of the defendant.[5]  In Gunter, we vacated a sentence and remanded for

resentencing when it was clear that the district court felt bound by the crack-cocaine

Guideline and did not consider any other relevant factors.  Id. at 247-49.  Here, the

District Court considered the relevant factors, did not view the Guidelines as mandatory,

and did not accord them presumptive weight.  Stating "your history caught up with you

here today," the Court noted appellant's extensive history of criminal offenses, which

included theft, terroristic threats, simple assault, and possession with intent to deliver a

controlled substance, dating back to when he was sixteen-years old.  Although appellant

argues that these offenses were minor, and that the Court overstated their seriousness

when calculating his criminal history points, we disagree, and find that it was surely not

unreasonable for the Court to sentence, as it did, at the bottom of the Guidelines range,

just as it was not unreasonable for the Court to reject appellant's contention that his

history of drug abuse, lack of education, and the fact that he grew up in a poor drug

addicted family warranted a sentence below the Guidelines range.

---

[5] A court looks at the need for the sentence imposed to (i) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (ii) to afford adequate deterrence, (iii) to protect the public from further crimes, (iv) to provide the defendant rehabilitation, education or vocational training, medical care, or other correctional treatment, (v) the kind of sentence available, (vi) policy statements of the Sentencing Commission, (vii) the need to avoid unwarranted sentencing disparities, and (viii) the need to provide restitution to the victims.  18 U.S.C. § 3553(a).

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.