

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2008

# USA v. Reid

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Reid" (2008). *2008 Decisions.* Paper 710.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/710

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3762

_____

UNITED STATES OF AMERICA

v.

ROHAN REID,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00205)
District Judge:  Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
July 2, 2008

Before:  RENDELL, SMITH and FISHER, *Circuit Judges*.

(Filed: August 5, 2008)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Defendant Rohan Reid violated the general conditions of his two-year term of

supervised release.  The District Court sentenced Reid to 12 months' incarceration for the

violations. Reid appeals from the judgment of sentence. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On March 8, 2005, Reid was sentenced by the District Court to 27 months' incarceration and two years' supervised release for possession with intent to distribute more than five grams of cocaine base. Reid's term of supervised release commenced on March 24, 2006. In November 2006, Reid was charged with two separate counts of driving under the influence. On January 17, 2007, Reid was arrested for possession with intent to distribute more than five grams of cocaine base. At a hearing on the Government's petition to revoke his supervised release, Reid admitted guilt to the above violations. The District Court determined that the applicable Sentencing Guidelines range for the supervised release violations was 12 to 18 months' incarceration. Following revocation of supervised release, the District Court sentenced Reid to the advisory Guidelines minimum of 12 months to be served consecutively to the 63-month sentence he was then serving for a separate federal drug offense.

During the hearing, Reid's counsel urged the District Court to apply his 12-month sentence concurrently to his 63-month sentence. The District Court prompted Reid's

counsel to explain the rationale for applying the sentence concurrently. Reid's counsel noted that Reid had participated in substance abuse programs at the detention center and in filming a cable television video that encouraged young individuals to avoid gang activity. Reid's counsel next testified to a positive change in Reid's demeanor and character. Reid's counsel also suggested that Reid may have intentionally violated the terms of his supervised release in order to seek the safety of custody, after having been the target of one or more violent attacks since his initial release.

The District Court then asked for the Government's response. The Government recommended a consecutive sentence, noting that Reid committed three violations within one year of commencing supervised release and that the District Court had sentenced Reid below the bottom of the advisory Guidelines range for his initial offense.

In explaining its decision, the District Court noted that it had given Reid a "break" on his original sentence. The District Court found that Reid had demonstrated an inability to adjust to supervised release, noting that he had gotten into trouble shortly after his release and in a "major way" with respect to his drug violation. Thereafter the District Court stated that it believed it "appropriate" to apply Reid's sentence consecutively, while acknowledging that Reid's counsel's comments were "very astute and very insightful." The District Court stated that "I don't think I have any choice frankly but to sentence you consecutively." Elsewhere, the District Court explained that it applied Reid's sentence consecutively because he committed the same offense for which he was originally

3

incarcerated, stating that "[t]hat's why I'm making it consecutive, that's the reason, and I think it's the only thing that makes sense." The District Court concluded that, considering the Guidelines and "the factors contained in Title 18, U.S.C., Section 3553(a)[,] . . . this [is] an appropriate and reasonable sentence." The District Court concluded by sentencing Reid to the advisory Guidelines minimum of 12 months' incarceration.

This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review sentences imposed for violations of supervised release for reasonableness under the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). Our review of sentences is "highly deferential," and the challenging party bears the burden of proof in demonstrating unreasonableness. *Id.* at 543.

## III.

Reid appeals the District Court's decision to apply his 12-month sentence for violating the general terms of his supervised release consecutively, rather than concurrently, to a sentence he is currently serving. In *United States v. Dees*, 467 F.3d 847 (3d Cir. 2006), we held that a district court had discretion to impose consecutive sentences upon revocation of concurrent terms of supervised release based upon the same

violation conduct. *Id.* at 852. A fortiori, pursuant to 18 U.S.C. § 3584(a), a district court has the discretion to impose a sentence for a violation, which is consecutive to an undischarged term of imprisonment for some entirely separate convicted offense. *See also* U.S.S.G. § 7B1.3(f) (advising imposition of sentence for supervised release violation to run consecutive to any sentence defendant is then serving).

Nonetheless, Reid challenges the reasonableness of his consecutive sentence on three grounds. First, he argues that the District Court considered impermissible factors in imposing its sentence. Specifically, he argues that 18 U.S.C. § 3583(e)(3) prevents courts that are imposing sentences for supervised release violations from considering factors set forth in § 3553(a)(2)(A) (pertaining to the punitive purposes of sentencing) and § 3553(a)(3) (pertaining to the "kinds of sentences available"). Reid notes that the District Court imposed a consecutive sentence after voicing its consideration of the "sentencing factors set forth in 18 U.S.C. § 3553(a)," without the necessary qualification purportedly required by § 3583(e)(3). Without deciding whether § 3583(e)(3) forbids consideration of § 3553(a)(2)(A), (3) as a matter of law, *see Bungar*, 478 F.3d at 543 n.2, we find no indication in the record that the District Court considered an impermissible factor in reaching its decision. While the District Court did not explicitly state which § 3553(a) factors it considered in contradistinction with which ones it did not, "[t]here are no magic words that a district judge must invoke when sentencing, as long as the record shows that the court considered the § 3553(a) factors and any sentencing grounds

5

properly raised by the parties which have recognized legal merit and factual support in the record." *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) (internal quotation marks and citation omitted). Reid, therefore, reads too much into the District Court's reference to § 3553(a) as necessarily revealing that it considered any purportedly forbidden factors.

Reid next argues that the District Court improperly imposed a consecutive sentence under the mistaken belief that it was compelled to do so, citing a solitary comment that "I don't think I have any choice frankly but to sentence you consecutively." The record clearly indicates, however, that the District Court gave "meaningful consideration" to the relevant § 3553(a) factors in reaching its conclusion. *Bungar*, 478 F.3d at 543. The District Court noted its leniency on Reid's initial sentence, Reid's breach of trust, and the number and frequency of violations, considerations that would have been superfluous had the District Court believed that it was compelled to impose a consecutive sentence.

Finally, Reid argues that the District Court improperly applied a "reasonableness" standard in determining the appropriate sentence, on the theory that reasonableness can only be an appellate standard. This argument is unavailing. Never have we forbidden a district court from characterizing its own sentence as reasonable under some (incorrect) notion that appellate courts have a monopoly over using the word "reasonable."

6

IV.

For the forgoing reasons, we will affirm the judgment of the District Court.