

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# USA v. Susan Barrett

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2623

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Susan Barrett" (2009). *2009 Decisions.* Paper 1306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2623

UNITED STATES OF AMERICA

v.

SUSAN BARRETT,
                                    Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 06-cr-0610-1
(Honorable Joseph H. Rodriguez)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2009

Before:  SCIRICA, *Chief Judge*, SLOVITER and HARDIMAN, *Circuit Judges*.

(Filed May 27, 2009)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Susan Barrett pleaded guilty to one count of bank theft in violation of 18 U.S.C. §

2113(b), for which she was sentenced to thirty-seven months of imprisonment.  Barrett

appeals her sentence, contending the District Court committed procedural error by failing

to afford any weight to other factors required under 18 U.S.C. § 3553(a). We disagree and will affirm.[1]

I.

As bank manager of Commerce Bank in Sicklerville, New Jersey, Barrett made unauthorized withdrawals from the personal and business accounts of Frank Fedele during his incapacity caused by a stroke and after his death. To cover debits Barrett made from Fedele's account, she also made unauthorized withdrawals from the account of Fedele's daughter, Diane Fedele.

Barrett pleaded guilty to one count of bank theft. Facing an advisory Guideline range from thirty-seven to forty-six months imprisonment, Barrett asked for an eighteen-month imprisonment with supervised release because of her acceptance of responsibility as exemplified by partial restitution to Commerce Bank and the Fedele family, cooperation with the FBI and bank officials, and current employment indicating lack of recidivism. The District Court rejected these arguments and imposed a within-Guidelines sentence.

We review the District Court's sentencing decision for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 591 (2007).[2] Because the trial court possesses a "superior

---

[1]We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

[2]Under *Gall*, we review the sentence to ensure

the district court committed no significant procedural error, such as failing
(continued...)

vantage point" in reviewing the facts and their import to the case, we accord the district court due deference in sentencing decisions. *United States v. Tomko*, 562 F.3d 558, 566 (3d Cir. 2009) (en banc).

## II.

Barrett contends the District Court committed procedural error by failing to give meaningful consideration to several mitigating factors in its within-guidelines sentencing. "After giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party . . . [and] make an individualized assessment based on the facts presented." *Gall,* 128 S. Ct. at 596–97.[3]

---

[2](...continued)
to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed.

128 S. Ct. at 597. Barrett does not challenge the substantive reasonableness of her sentence.

[3]Under 18 U.S.C. § 3553(a), the relevant factors are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences
(continued...)

In recognizing the possibility of a sentence which varies from the Sentencing Guidelines, the District Court noted the advisory nature of the Sentencing Guidelines as set forth in *United States v. Booker*, 543 U.S. 220 (2005). Likewise, it properly considered the mitigating factors of 18 U.S.C. § 3553(a) in imposing a within-Guidelines sentence. The court started by calculating the Guidelines range: "Now, we're dealing with the guidelines, which obviously are advisory and no longer mandatory, which simply means that the guidelines give you a starting base. The base has to be recognized as a comprehensive calculation and quantification of a lot of relevant factors. The relevant factors create the base." The court then expressly considered the factors outlined in 18 U.S.C. § 3553(a) with regard to Barrett's bank theft. Namely, the court examined the need for a sentence that promotes respect for the law and provides adequate deterrence to others through a punishment of imprisonment. It also took into account the need to avoid unwarranted sentencing disparities within the wide range of sentencing of white collar offenders, as well as Barrett's restitution efforts that began before her plea was entered. Finally, the court addressed Barrett's culpability, noting that although "a lot of that's already calculated within the [Guidelines] range," Barrett's deception was a factor of concern for appropriate sentencing. This discussion provides "appropriate and judicious

---

[3](...continued)
available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines."

consideration" of the § 3553(a) factors in light of Barrett's circumstances. *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007).

The District Court reasonably considered Barrett's mitigating factors. The court is not required to address the specific weight it gave to each factor; instead, it need only "articulate enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Here, the District Court adequately articulated its reasoning for sentencing and gave meaningful consideration to the § 3553(a) factors.

III.

Because the District Court made no procedural error in sentencing Barrett, we will affirm the judgment of conviction and sentence.