NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4535
_____

UNITED STATES OF AMERICA

v.

MICHAELPAUL J. FARRELL,
                                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-00488-001)
District Judge:  Hon. Susan D. Wigenton

Submitted September 22, 2011

Before:  AMBRO, CHAGARES, and GARTH, Circuit Judges.

(Filed: September 27, 2011)
_____

OPINION
_____

GARTH, Circuit Judge.

        Michaelpaul Farrell appeals the District Court's sentence of eighteen months

imprisonment following his plea of guilty to violation of his supervised release.  Farrell

contends that the District Court's sentence was both procedurally and substantively

unreasonable.  For the reasons that follow, we will affirm the judgment of the District

Court.

1

## I.

We write principally for the benefit of the parties and recite only the facts essential to our disposition. In April 2005, Farrell pled guilty to two counts of exchanging stolen U.S. savings bonds in violation of 18 U.S.C. § 510(b) and two counts of making false statements to the U.S. Department of the Treasury in violation of 18 U.S.C. § 1001. On the basis of that plea bargain, Farrell was sentenced on January 19, 2006 to 15 months' imprisonment, three year's supervised release, and ordered to pay restitution.

Some time after Farrell had served his prison sentence, the Probation Office filed a revocation petition against him. He pled guilty to one of the alleged violations, and on January 26, 2009, was sentenced to six months' confinement at a community correctional facility and a 30 month term of supervised release. Following an infraction during his time in the community correctional facility, he served the balance of the six month sentence in prison, before beginning the 30 month term of supervised release. During that period of supervised release, Probation filed another revocation petition against Farrell, charging five violations of supervised release, carrying a Guidelines range of 5-11 months' imprisonment.

On November 17, 2010, Farrell pled guilty to one of the five violations--failure to notify his probation officer of changes in employment or address. Farrell's counsel asked the District Court to sentence Farrell within the Guidelines range, while the Government recommended an upward variance. The District Court subsequently sentenced Farrell to 18 months' imprisonment. Farrell filed a timely notice of appeal.

## II.

2

The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e), and we have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a). "This Court reviews the procedural and substantive reasonableness of a district court's sentence upon revocation of supervised release for abuse of discretion." United States v. Young, 634 F.3d 233, 237 (3d Cir. 2011). For a sentence to be procedurally reasonable, "the sentencing court must give rational and meaningful consideration to the relevant § 3553(a) factors." Id. Further, a sentence is procedurally unreasonable if the sentencing authority fails "to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." "Substantive reasonableness inquires into whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." Id.

### III.

The District Court in the present case varied from the Guidelines range in sentencing Farrell. Accordingly, we must consider whether the District Court provided an adequate explanation for its variance. On appeal, Farrell claims that the District Court based its sentence exclusively on "erroneous factual findings regarding the . . . admitted and charged violations" and "Farrell's past conduct." (Appellant's Br. at 22.) Farrell also contends that, in sentencing him, the District Court failed to properly consider his argument that his conduct was heavily influenced by his homelessness, unemployment, and family difficulties. When, as is the case here, a defendant's "asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous."

3

United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008). This highly deferential standard of review allows us to overturn the District Court's decision only if the challenged findings are "completely devoid of minimum evidentiary support displaying some hue of credibility" or are without "rational relationship to the supportive evidentiary data." United States v. Antoon, 933 F.2d 200, 204 (3d Cir. 1991).

At sentencing, the District Court expressly relied on several elements of the record in choosing to vary upward from the Guidelines range. Specifically, the District Court considered the four violations with which Farrell had been charged, but to which he had not pled guilty, as well as his history of criminal conduct and previous violations. The District Court stated that those violations all indicated that Farrell was "thumbing [his] nose at the court." The District Court also expressed concern that Farrell's activity was "reckless behavior that only escalates and becomes that much more dangerous, not only for [Farrell], but for other people." In short, the District Court concluded that it was "appropriate to vary upward because [the court did not] think [Farrell's] attention has been gotten . . . and because [Farrell has shown no] . . . attempt to comply with the terms of [his] supervised release, [and has not] . . . made any effort whatsoever, obviously, to make restitution."[1]

Our review of these justifications for variance reveals that they are supported by record evidence, and accordingly, that it was within the District Court's broad discretion to rely upon them in varying from the Guidelines range. We consider these justifications in turn.

---

[1] Restitution had been ordered along with his initial imprisonment.

4

The District Court characterized the violations alleged against Farrell, along with his extensive criminal history, as indicative of a lack of respect for the court. While it was not an inescapable conclusion that Farrell's continuing criminal activity could be attributed to a lack of respect for the court and its authority, such a conclusion was not inconsistent with the evidence before the District Court, and therefore, the conclusion was not clearly erroneous.

Even by his own admission, Farrell has not been a model law-abiding citizen. In our view, the District Court's consideration of his extensive criminal background was appropriate. Furthermore, in light of the violation to which Farrell pled guilty and the other violations constituting relevant conduct, it was reasonable for the District Court to conclude that his criminal conduct was, in essence, continuing. Viewed from that perspective, the District Court's conclusion that supervised release had failed to get Farrell's attention is a reasonable conclusion within its sentencing discretion.

Farrell also claims that the District Court failed to properly consider his homelessness, unemployment, and difficult family circumstances in varying upward from the Guidelines range. "In order for a sentence to be reasonable, the record must demonstrate that the sentencing court gave 'meaningful consideration' to" all of the relevant arguments by the parties. United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007). A requirement that the sentencing court meaningfully consider arguments does not mean that the court must always be persuaded by those arguments, however. The record is clear that the District Court considered Farrell's unfortunate circumstances, noting that "we [can] talk all day long about" the various problems he faced. While

Farrell understandably disagrees with the District Court's conclusion after considering those factors, the District Court clearly satisfied its obligation to consider these arguments as raised by Farrell's counsel.

IV.

Having concluded that Farrell's sentence was not procedurally unreasonable, we turn now to the question of whether it was substantively reasonable. By Farrell's own acknowledgment, his claim of substantive unreasonableness overlaps heavily with his claim of procedural unreasonableness. In challenging a sentence as substantively unreasonable, "[t]he party challenging the sentence bears the burden of proving its unreasonableness." Id. at 543. Our review of such a challenge is "highly deferential." Id. In the present appeal, Farrell has not sustained his burden of showing the sentence to be substantively unreasonable. In addition to duplicating his earlier arguments that the District Court relied on improper factors and considerations in formulating the sentence, Farrell contends that the 18 months' incarceration to which he was sentenced was higher than necessary to achieve the statutory goals of incarceration.

18 U.S.C. § 3553 (a) requires the District Court to consider a number of statutory factors in setting a sentence. As relevant to Farrell, the District Court was required to consider, inter alia, the nature and circumstances of his offense and history, the need to deter additional criminal conduct, and the need to protect the public from further crimes committed by Farrell. As previously discussed, the District Court reasonably concluded that a significant period of incarceration would be necessary to get Farrell's attention and prevent him from further recidivism. His past history and apparent lack of reform also

6

indicate that a lengthier sentence is reasonable under the statutory factors. It was within the broad discretion of the District Court to determine that 18 months' incarceration was the appropriate period of time required to serve the relevant statutory purposes.

## V.

For the foregoing reasons, we will affirm the judgment of the District Court.