NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 10-3357

—————————

UNITED STATES OF AMERICA

v.

LARRY LANGFORDDAVIS,

Appellant

—————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-08-cr-00779-2)
District Judge:  Honorable Peter G. Sheridan

—————————

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2011

—————————

Before: FUENTES, CHAGARES, Circuit Judges,
and RESTANI,* Judge

(Filed: December 8, 2011)

—————————

OPINION OF THE COURT

—————————

————————

* Honorable Jane A. Restani, Judge of the United States Court of International
Trade, sitting by designation.

RESTANI, Judge.

Appellant Larry Langforddavis appeals his conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) and his sentence of 115 months imprisonment. For the following reasons, we will affirm the District Court's judgment.

Because we write for the parties, we recount only the essential facts and procedural history. In the evening of January 4, 2008, Langforddavis celebrated Antoine Dobson's birthday at Jersey Girls Entertainment Club. Dobson—a Deputy U.S. Marshal at the time—sustained injuries during an altercation outside the club. Langforddavis chased after the assailants, returning to declare that he "got them" and had "sprayed the vehicle." Langforddavis visited Dobson that night in the hospital, at which time Langforddavis put his arm around a police officer, showed a gun secured in his ankle holster, and declared he was "on the job." Langforddavis disappeared before the officers could question him. In the early morning of January 19, 2008, Langforddavis and Dobson had been drinking heavily at a bar. Langforddavis's girlfriend, Sakinah Franklin, called Langforddavis to pick her up at Jersey Girls, where she worked and where officers were intervening in an altercation. Langforddavis left Dobson in the care of a friend and started driving to the club. When Dobson realized that he had left his firearm in Langforddavis's car, he called Langforddavis, asked him to return the gun and told him not to leave the gun in the car. Langforddavis proceeded to Jersey Girls and upon arriving strapped Dobson's gun to his leg and exited the car. When officers attempted to detain Langforddavis, he resisted arrest. The officers arrested Langforddavis and confiscated the gun, later identified as

2

Dobson's Glock 27, a backup weapon Dobson had purchased in November 2007, but was not trained to carry. Langforddavis and Dobson were indicted, and the cases were severed.[1] In December 2009, a jury found Langforddavis guilty of violating 18 U.S.C. § 922(g)(1). In July 2009, the District Court sentenced Langforddavis to 115 months of imprisonment. In this timely appeal, Langforddavis claims the District Court erred in, 1) refusing to instruct the jury on the affirmative defense to a § 922(g)(1) crime of innocent possession, 2) refusing to instruct the jury on the affirmative defense to a § 922(g)(1) crime of entrapment by estoppel, 3) admitting Dobson's prior conviction for the purpose of impeachment, and 4) imposing an unreasonable sentence.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a district court's denial of a jury instruction for abuse of discretion, United States v. Jimenez, 513 F.3d 62, 74 (3d Cir. 2008), and, where such denial involves an error of law, we review de novo, Bolden v. S.E. Penn. Trans. Auth., 21 F.3d 29, 33 (3d Cir. 1994). We review a district court's admission of impeachment evidence for abuse of discretion. United States v. Johnson, 302 F.3d 139,152 (3d Cir. 2002). We review a sentence imposed by a district court for reasonableness. United States v. King, 454 F.3d 187, 194 (3d Cir. 2006).

Langforddavis alleges the District Court erred in failing to instruct the jury as to

---

[1] In July 2009, Dobson was convicted for knowingly disposing of a firearm to a convicted felon in violation of 18 U.S.C. § 922(d)(1) and perjury. See United States v. Dobson, 380 F. App'x 170 (3d Cir. 2010). Dobson is also appealing his conviction.

the affirmative defense to a § 922(g)(1) crime of innocent possession. Specifically, Langforddavis argues that his possession of the firearm was innocent because he intended to return the gun to Dobson. We have yet to recognize an affirmative defense to a § 922(g)(1) crime of innocent possession.[2] Assuming arguendo such a defense exists, Langforddavis presented insufficient evidence to warrant an instruction on it. In the only published appellate opinion holding an affirmative defense to a § 922(g)(1) crime of innocent possession exists, the Court of Appeals for the District of Columbia held that the defendant must show, 1) the possession of the firearm was transitory with intent to turn the weapon over to police immediately through a reasonable course of conduct, and 2) the firearm was attained innocently with no illicit purpose.[3] United States v. Mason, 233 F.3d 619, 621, 624 (D.C. Cir. 2001) (finding facts sufficient for an innocent possession instruction on § 922(g)(1) charges where a truck driver with a felony conviction found a gun in a bag near a school, removed the bullets, and was walking directly toward a law enforcement officer with the intent of turning it over to avoid potential harm to children

---

[2] In very narrow and limited circumstances, we recognize the affirmative defense to a § 922(g)(1) crime of justification because of its strong roots at common law. United States v. Dodd, 225 F. 3d 340, 344 (3d Cir. 2000); see Dixon v. United States, 548 U.S. 1, 13–14 (2006) (noting that Congress legislates against the backdrop of common law). Langforddavis does not assert—nor does he fulfill the requirements of—the affirmative defense to a § 922(g)(1) crime of justification.

[3] Five circuits have rejected or declined to recognize the affirmative defense to a § 922(g)(1) crime of innocent possession. United States v. Teemer, 394 F.3d 59, 62–63 (1st Cir. 2005); United States v. Gilbert, 430 F.3d 215, 216 (4th Cir. 2005); United States v. Johnson, 459 F.3d 990, 997 (9th Cir. 2006); United States v. Baker, 508 F.3d 1321, 1325–26 (10th Cir. 2007); United States v. Jackson, 598 F.3d 340, 349 (7th Cir. 2010).

4

when he was arrested). Even viewing the facts in a light most favorable to Langforddavis, nothing indicates that Langforddavis's possession was transitory and innocent: Upon realizing he possessed a firearm, Langforddavis chose to pick his girlfriend up from work. Furthermore, in concealing the firearm and leaving the weapon loaded, Langforddavis's actions belie any intent to turn the weapon over to police. Thus, we find the District Court did not err in denying Langforddavis's request for jury instructions on an affirmative defense to a § 922(g)(1) crime of innocent possession.

Langforddavis claims the District Court erred in failing to instruct the jury as to the affirmative defense to a § 922(g)(1) crime of entrapment by estoppel because he was entitled to the defense based on his reasonable reliance on Dobson's implied authorization.[4] To prove entrapment by estoppel, the defendant must prove:

> (1) a government official (2) told the defendant that certain criminal conduct was legal, (3) the defendant actually relied on the government official's statements, (4) and the defendant's reliance was in good faith and reasonable in light of the identity of the government official, the point of law represented, and the substance of the official's statement.

United States v. W. Indies Transp., Inc., 127 F.3d 299, 313 (3d Cir. 1997); see United States v. Pitt, 193 F.3d 751, 758 (3d Cir. 1999). The defendant must show the government official made affirmative representations regarding specific criminal behavior. See United States v. Stewart, 185 F.3d 112, 124–25 (3d Cir. 1999) (affirming

---

[4] Langforddavis does not contest the trial court's rejection of the reliance on a public authority defense. Langforddavis also concedes that entrapment by estoppel does not apply to the January 19, 2008 incident.

district court's denial of instruction on the basis that a settlement with the Ohio government never made "a clear statement approving of" the defendant's actions and where the agreement denied ratification of any past conduct). The record of events on January 5, 2008, and January 19, 2008, evinces no facts showing that Dobson ever made affirmative statements as to Langforddavis's right to carry a firearm, or that Langforddavis ever relied upon Dobson's actions. Furthermore, it belies belief that Langforddavis could have relied on Dobson's silence as an implied government official's statement when Dobson was hospitalized and intoxicated. Thus, a reasonable jury would have been unable to find that Dobson authorized Langforddavis to carry a firearm or that Langforddavis reasonably relied on any implied statement of lawfulness.[5]

Langforddavis claims that the District Court improperly admitted Dobson's conviction to impeach Dobson's testimony. Evidence that a witness other than an accused has been convicted of a crime shall be admitted, Fed. R. Evid. 609, unless its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. In many cases, the prejudice disseminating from such evidence can be cured through limiting instructions to the jury. United States v. Universal Rehab. Services, 205 F.3d 657, 668 (3d Cir. 2000) (en banc) (holding that the admissibility of a witness's prior

---

[5] To the extent Langforddavis alleges the District Court erred in conflating the affirmative defenses to a § 922(g)(1) crime of reliance on public authority and entrapment by estoppel, Langforddavis misreads the District Court colloquy. In rejecting requests for jury instructions on the affirmative defenses to a § 922(g)(1) crime of reliance on public authority and entrapment by estoppel, the District Court merely relied on the same facts as to each: that Dobson obviously was intoxicated and therefore could not be relied upon.

conviction of mail fraud, the same crime as the defendant, was properly cured by a limiting jury instruction).  Dobson's conviction was properly admitted into evidence because, inter alia, it was germane to Dobson's credibility, particularly in view of the fact that he was still a Deputy U.S. Marshal at the time of trial.  The District Court also properly instructed the jury that Dobson's conviction had limited purposes.  Additionally, assuming arguendo that there was error, it was harmless because Langforddavis essentially already had admitted to possession of the gun and any improper use of Dobson's conviction would have related to the issue of possession.

Langforddavis also challenges his sentence as unreasonable in view of the facts surrounding his possession of the gun.  Specifically, Langforddavis alleges that the District Court, in denying a downward departure from 92 to 115 months, failed to give appropriate weight to the facts of his case or recognize that the facts of the instant case fall outside the intent of Congress in enacting the Safe Streets Act.  Safe Streets Act, Pub. L. 90–351, § 901(a)(2), 82 Stat. 197, 225 (1968).  "[A] district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable."  United States v. Bungar, 478 F.3d 540, 546 (3d Cir. 2007).  At sentencing, the District Court began by enumerating the factors in 18 U.S.C. § 3553(a), and then considered Langforddavis's prior crime involving firearms, the severity of the crime in the instant case, Langforddavis's inability to stay out of prison, and the need to create a strong deterrent.  In rejecting the defendant's request for a sentence reduction for acceptance of responsibility, the District Court stated that Langforddavis had the gun for a

7

week and a half or two weeks.  Furthermore, Langforddavis's claim that his case falls entirely outside the province of the Safe Streets Act is without merit.  Congress noted "the ease with which any person can acquire firearms other than a rifle or shotgun (including criminals . . . ) is a significant factor in the prevalence of lawlessness and violent crime in the United States."  Safe Streets Act, § 901(a)(2).  Langforddavis's behavior seems to fit well within the purpose of the Act.  Because of Langforddavis's criminal record, the serious nature of the crime, and the facts of this case, the District Court imposition of the maximum sentence within the Guidelines was reasonable.

Accordingly, we will affirm the District Court's judgment.