NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

No. 12-4016
_____

UNITED STATES OF AMERICA

v.

BASIL SOLOMAN, a/k/a Bruce Robinson,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  2-11-cr-00032-002)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted under Third Circuit LAR 34.1(a)
on October 17, 2013

(Opinion filed:  November 13, 2013)

Before:  RENDELL, JORDAN and LIPEZ*, Circuit Judges

_____

*Honorable Kermit V. Lipez, , Senior United States Circuit Judge for the First Circuit, sitting by designation.

**RENDELL,** Circuit Judge:

Defendant Basil Soloman appeals the District Court's judgment of sentence for conspiracy to commit robbery, robbery, and for using and carrying a firearm during and in relation to a crime of violence. For the following reasons, we will affirm the judgment entered by the District Court.

## I.[1]

We write principally for the benefit of the parties and therefore recount only the facts essential to our review.

On October 19, 2011, following a three-day trial, a jury found Basil Soloman guilty of conspiracy to commit robbery, in violation of 18 U.S.C. §§ 1951(a) and (2); robbery, in violation of 18 U.S.C. §§ 1951(a) and (2); and of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and (2).

The PSR stated that Soloman's base offense level was twenty and placed him in Criminal History Category III. Soloman's seven juvenile adjudications were not considered in this calculation. Pursuant to the PSR, the guidelines called for a total range of 125 to 135 months imprisonment. In preparation for sentencing, the government moved for upward departure under U.S.S.G. § 4A1.3, from a Category III criminal

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

history to a Category IV, urging that Category III did not adequately reflect the seriousness of his criminal history. The government also moved for the same change in Category as an upward variance under the § 3553(a) factors, as an alternative. Soloman moved for a downward departure based on his allegedly traumatic childhood and his mother's illness.

At sentencing on October 18, 2012, the District Court found an upward departure warranted, as "Mr. Soloman's criminal history category fails to adequately reflect, one, the seriousness of his criminal conduct, and two, the strong likelihood that he will commit more crimes in the future." (App. at 110). This determination was based on: (1) Soloman's two most recent juvenile convictions, committed at age seventeen, for terroristic threats and robbery of a motor vehicle[2]; (2) his adult conviction for aggravated assault and related offenses, in which he shot the victim; (3) his lengthy institutional record in prison between 1999 and 2008; (4) the two arrests detailed on the PSR, which occurred while Soloman was on parole for his adult conviction, but before the instant crime; and (5) his failure to adhere to the conditions of his parole. (App. 111 – 113).

The District Court emphasized that "the only break in [Soloman's] criminal activity happened . . . [when] he was in custody serving a sentence. . . [And even so,] his institutional record . . . shows misconduct after misconduct. . . . ." (*Id*. at 111 – 112).

---

[2] The District Court discussed all seven of Soloman's juvenile convictions. However, in evaluating the government's motions for upward departure, or alternatively upward variance, the District Court found it "appropriate to consider, at the least, the two convictions [he received] . . . when he was seventeen years old." (App. at 113.) These convictions were for terroristic threats for which he was committed to juvenile detention, and robbery of a motor vehicle, for which he was placed on probation. (PSR at 10).

3

The Court determined that because Soloman "has demonstrated, consistently, a disregard for the law and failed to abide by the conditions of supervision," an upward departure was appropriate. (*Id*. at 113-114).

The Court then ruled that the government's second motion, for upward variance under the § 3553(a) factors, would be granted in the alternative. (*Id*. at 115). The Court based its analysis of the § 3553(a) factors on: (1) "[T]he fact that . . . [Soloman's] prior criminal record does not adequately account for his criminal history category"; (2) Soloman's personal characteristics, including his disregard for the law, his failure to "comply with the conditions of court-imposed supervision" and his inability to adjust his behavior to abide by the law; (*Id*. at 115); (3) the serious of the offense (*Id*. at 117); and (4) the need to deter Soloman from engaging from criminal conduct in the future. (*Id*. at 119). The Court also observed that throughout the proceedings, Soloman behaved arrogantly, disrespected the Court, and displayed a lack of remorse for his actions.

The Court determined that under either motion of the government, the most appropriate criminal history categorization for Soloman was Category IV. (*Id*. at 120). The judge then sentenced Soloman at the high end of the guidelines, namely, 147 months imprisonment: 63 months on Counts 1 (conspiracy to commit robbery) and 2 (robbery), followed by the 84-month mandatory consecutive sentence on Count 3 (using and carrying a firearm during and in relation to a crime of violence).

The Court denied Soloman's motion for downward departure. It acknowledged that Soloman was "damaged" by his childhood exposure to domestic violence and

4

physical abuse. (*Id*. at 116). However, the Court found a downward departure based on Soloman's childhood and family circumstances was unwarranted. (*Id*).

On appeal, Soloman first argues that the District Court erred by considering his juvenile adjudications. However, at sentencing, Soloman conceded there was "no question" the Court had authority to consider these adjudications. (*Id*. at 87). Soloman's only argument against an upward departure or variance concerned the circumstances of his childhood. Thus, while Soloman claims the sentence should be reviewed for abuse of discretion, because he failed to object to consideration of his juvenile adjudications, the standard of review is plain error. Even under the more stringent standard, however, we affirm the District Court's sentence. Soloman also argues the sentence was substantively unreasonable because the Court failed to adequately take into account his alleged childhood trauma. We disagree, and affirm the District Court's ruling *in toto*.

**II.**

**a. Validity of Upward Departure/Upward Variance from Sentencing Guidelines.**

Soloman first argues that the District Court sentence improperly used certain juvenile adjudications to justify the upward departure or the upward variance. Soloman argues that without the specific facts underlying the juvenile convictions, it is impossible to know whether they were serious or similar, and that any consideration of these convictions constitutes an abuse of discretion. We disagree.

"[I]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, an upward departure may be

5

warranted."[3] U.S.S.G. §4A1.3. This rule was designed to "provide flexibility in those cases where a point-by-point calculation of the defendant's criminal history category is not alone sufficient to reflect his culpability and dangerousness." *U.S. v. Harris*, 44 F.3d 1206, 1214 (3d Cir. 1995).

The District Court did not err in granting an upward departure. Soloman's record is clear and reliable: he was convicted of robbery of a motor vehicle on September 18, 1995 and of making terroristic threats on September 29, 1995. Pursuant to U.S.S.G. §4A1.2 cmt. n. 8, such crimes were properly considered by the Court, as the juvenile convictions of robbery and terroristic threats are serious and similar to the instant offenses of robbery and conspiracy to commit robbery.

Additionally, the District Court explained that in granting the upward departure, it was not relying on Soloman's juvenile adjudications in isolation. Rather, the District Court noted that the two convictions were the beginning of a pattern of criminal behavior that only ceased when Soloman was incarcerated. Specifically, the Court found that Soloman continually violated the terms of his probation, was arrested twice on probation, and that he committed multiple infractions during his incarceration. Given such a record,

---

[3] Soloman cites *Berry* and *Warren* as support for the contention that reliance on convictions, without their factual background, is unreliable speculation. In *Berry*, the District Court based its upward departure on arrests rather than convictions, but assumed that "the defendants would have been convicted . . . absent 'a breakdown in the state court system.'" 553 F.3d at 280. This Court held such an assumption to be "unsupported speculation about a defendant's background." *Id*. at 281. In *Warren*, reliance on a PSR statement which was "by its own terms . . . unclear . . . whether [the defendant] was the perpetrator or the victim of the frauds recited" was also considered improper speculation. 186 F.3d 358. Neither case is comparable to Soloman's situation. There was no unsupported speculation about whether Soloman committed any of the crimes at issue; he had been convicted of and sentenced on all the crimes discussed.

it was reasonable for the District Court to conclude that Criminal History Category III, which only considered Soloman's one aggravated assault conviction, significantly under-represented the seriousness of his criminal past and his threat to the public.

As we agree with the upward departure, we need not address the alternative upward variance imposed. We conclude that the District Court provided a thorough, individualized assessment of the relevant sentencing factors in granting an upward departure.

**b. The Reasonableness of the Sentence**

Soloman also argues that the sentence was substantively unreasonable because the District Court denied his motion for downward departure. Specifically, he claims the Court did not "adequately take into account the damage that [he] suffered as a result of severe childhood trauma and abuse." (App. Br. at 22).[4] We disagree.

A District Court's sentence may not be reversed based on "the fact that [an] Appellate Court might reasonably have concluded that a different sentence was appropriate." *Gall v. U.S.*, 552 U.S. 38, 51 (2007). Likewise, a District Court's sentence is not rendered unreasonable for "failure to give mitigating factors the weight a defendant contends they deserve." *U.S. v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).

While the District Court recognized the difficult nature of Soloman's childhood, it reasonably concluded that his recidivist nature, his disregard for the law and others, his

---

[4] To the extent that Soloman seeks review of the denial of the downward departure, this Court lacks jurisdiction to review such a denial that was based on an exercise of discretion. *See U.S. v. Stevens*, 223 F.3d 239, 247-48 (3d Cir. 2000) (holding that the District Court's denial of a downward departure was "an exercise of discretion and therefore not reviewable").

lack of remorse for his actions, and his disrespect toward the Court all warranted an enhanced sentence. The totality of the record does not justify a finding that the District Court's judgment of sentence was substantively unreasonable.

## III.

Accordingly, we affirm the District Court's judgment of sentence.