NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

No. 13-3408
_____

UNITED STATES OF AMERICA

v.

OMAR JORGE,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 2-13-cr-00243-001)
District Court Judge: Honorable Kevin McNulty

_____

Submitted under Third Circuit LAR 34.1(a)
on September 8, 2014

Before: RENDELL, GREENAWAY, JR. and KRAUSE, Circuit Judges

(Opinion filed: October 8, 2014)

_____

O P I N I O N
_____

**RENDELL,** Circuit Judge:

Defendant Omar Jorge appeals the District Court's imposition of a 108-month sentence of imprisonment for conspiracy to distribute 750 grams of heroin. Jorge claims this sentence is both procedurally and substantively unreasonable. We reject Jorge's arguments and affirm the District Court's judgment.[1]

## I. Factual Background

While on supervised release for a previous conviction for conspiracy to distribute cocaine, Jorge delivered 750 grams of heroin to an individual who transported the heroin to New Jersey. When Jorge was arrested, he consented to the search of two apartments to which he had access. Drug Enforcement Administration agents found over one kilogram of heroin and a loaded gun in one of the apartments.

Jorge pled guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. The plea agreement thus stipulated to 100 grams of heroin, even though the actual amount recovered in New Jersey was 750 grams, and it did not include the heroin recovered from the apartment.

The plea agreement specified that "[t]he sentence to be imposed upon Omar Jorge is within the sole discretion of the sentencing judge . . . ." (App. 9.) It also stated that "[t]his agreement to stipulate . . . cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations

---

[1] We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a).

entered into by the parties." (App. 10.) At Jorge's sentencing, his attorney acknowledged that "[t]he Court has no obligation to follow the plea agreement." (App. 65.)

The District Court "honor[ed] the plea deal to the extent of not considering the drugs that were seized from the apartment." (App. 70.) But it calculated the guidelines range based on the actual amount of heroin recovered in New Jersey, i.e., 750 grams, not the 100 grams to which the parties stipulated. The District Court calculated an offense level of 27, with a criminal history category level 3, creating a guidelines range of 87 to 108 months.

The District Court then considered counsel's arguments and the 18 U.S.C. § 3553(a) factors. The District Court noted that Jorge's guidelines range would have been "much, much higher" and "richly deserved" if it had included the heroin found in the apartment. (App. 82.) It also noted that Jorge had a prior conviction for conspiracy to distribute over five kilograms of cocaine. Based on Jorge's criminal history and the amount of heroin recovered, it concluded that "there is a need for a very substantial sentence . . . ." (App. 81.) The District Court concluded that "specific deterrence hasn't worked as to this defendant. . . . a serious sentence is required to deter the public." (App. 82.) It also noted that "[i]f anything, the need to avoid disparities would argue for a higher sentence not a lower one . . . ." (App. 83.) The District Court noted that the education, vocational training, medical care, and other treatment factors were "neutral." (App. 83.) It also addressed Jorge's argument that he dealt drugs to support his family by acknowledging that "times have been hard . . . in the economy, and that he lost his job. . .

3

. But nevertheless, that can not be a justification for this kind of conduct." (App. 81.) It recognized Jorge's willingness to plead guilty early and his waiver of certain arguments. It concluded that a sentence of 108 months imprisonment, plus five years supervised release, was appropriate.

## II. Discussion

We review sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). On appellate review, "we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall,* 552 U.S. at 49. "After that initial calculation, the court must then rule on any motions for departure . . . . Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose . . . ." *Levinson*, 543 F.3d at 194-95. Our review of the sentencing court's application of the § 3553(a) factors is "highly deferential." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

Jorge argues that his sentence was procedurally unreasonable because the District Court did not abide by the plea agreement and because it focused upon deterrence

4

without considering other § 3553(a) factors. He also claims that the District Court failed to consider his family circumstances, the impact of his incarceration upon his wife and children, his employment history, and his motivation for drug dealing. Jorge emphasizes that, in choosing to plead guilty, he waived challenges to venue, his arrest, the apartment searches, and his statements to law enforcement.[2]

These arguments are meritless. First, the District Court has no obligation to adjust its sentencing decision based on potential arguments Jorge could have made if he had not pled guilty. In choosing to plead guilty, Jorge waived his right to have a trial and to challenge the Government's evidence. In addition, the District Court was not bound by the factual stipulation in the plea agreement, as the document itself emphasized and as Jorge's counsel acknowledged at sentencing.

There was no procedural error. Jorge does not dispute that the District Court's guidelines calculation was correct and there were no departure motions. Furthermore, the District Court considered all the § 3553(a) factors, noting the amount of heroin, Jorge's criminal history, sentencing disparities, Jorge's early decision to plea, Jorge's economic circumstances, and the absence of vocational, educational, or medical circumstances. It concluded that deterrence was the most important factor in order to send a message to the public. The District Court did not abuse its discretion in imposing a sentence at the top of

---

[2] He also cites case law involving pleas pursuant to Fed. R. Crim. P. 11(c)(1)(C), which mandates that the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case" and that "such a recommendation or request binds the court once the court accepts the plea agreement." These cases are inapposite because the plea agreement at issue was not made pursuant to Rule 11(c)(1)(C).

the guidelines range based on these factors. Jorge has not shown that no reasonable sentencing court would have imposed the same sentence.

## III.  Conclusion

For the foregoing reasons, we will affirm the District Court's judgment.