

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2007

# USA v. Bungar

Precedential or Non-Precedential: Precedential

Docket No. 05-5519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Bungar" (2007). *2007 Decisions*. Paper 1399.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1399

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5519

UNITED STATES OF AMERICA

v.

RONALD BUNGAR,
                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 96-cr-00127-1
District Judge:  The Honorable Alan N. Bloch

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2007

Before: BARRY, ROTH, <u>Circuit Judges</u>, and DEBEVOISE,[*]
<u>District Judge</u>

(Opinion Filed:  March 5, 2007)

---

[*] The Honorable Dickinson R. Debevoise, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

Karen S. Gerlach, Esq.
Lisa B. Freeland, Esq.
Office of the Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA   15222

Counsel for Appellant


Robert L. Eberhardt, Esq.
Kelly R. Labby, Esq.
Office of the United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA   91529

Counsel for Appellee

---

OPINION OF THE COURT

---

BARRY, Circuit Judge

Ronald Bungar appeals from a final judgment of the District Court imposing a sentence of 60 months' imprisonment for violating various conditions of his supervised release.  We hold, post-*Booker*, that our review should be for reasonableness.  Because the sentence imposed was not unreasonable, we will affirm.

## I.

On August 20, 1996, a federal grand jury sitting in the Western District of Pennsylvania returned a three-count indictment against Bungar, charging him with conspiracy to distribute and possession with intent to distribute less than 100 grams of a substance containing heroin, in violation of 21 U.S.C. § 846 (Count 1); distribution and possession with intent to distribute less than 100 grams of a substance containing heroin,

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2); and distribution and possession with intent to distribute less than 500 grams of a substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 3). The conduct charged in the indictment had resulted in the overdose deaths of two of Bungar's friends, although he was never charged in those deaths. Bungar pled guilty to Counts 1 and 2 in exchange for the government's agreement to move for dismissal of Count 3. Under the 1995 Sentencing Guidelines, with a Total Offense Level of 35 and a Criminal History Category of VI, he faced a sentencing range of 292 to 365 months' imprisonment.

The government moved, pursuant to U.S.S.G. § 5K1.1, for a downward departure based on Bungar's substantial assistance to authorities. On April 11, 1997, the District Court held a sentencing hearing, at which the Court granted the government's motion and sentenced Bungar to 96 months' imprisonment followed by five years of supervised release. Bungar did not appeal. He was released from custody on November 7, 2003.

On November 8, 2005, two years into Bungar's term of supervised release, his probation officer filed a Petition on Supervised Release and requested a hearing on four alleged violations of the conditions of his supervised release: twice testing positive for cocaine use; failing to submit verification of his attendance at Narcotics Anonymous and Alcoholics Anonymous meetings; changing his address without notifying his probation officer; and failing to report to his probation officer that local police had questioned him concerning the alleged assault of his girlfriend. The District Court held a hearing, and Bungar admitted all four violations. In the Violation Worksheet submitted to the Court, the probation officer concluded that each violation was a grade C violation and calculated the advisory range of imprisonment under § 7B1.4(a) of the Guidelines to be eight to fourteen months. Bungar requested a sentence of twelve months' house arrest, and the government did not object.

The District Court, however, disagreed with the probation officer's conclusions. Citing *United States v. Blackston*, 940 F.2d 877 (3d Cir. 1991), the Court found that Bungar's admitted

3

cocaine use also constituted circumstantial evidence of simple possession of a controlled substance in violation of 21 U.S.C. § 844, a grade B violation, and, as required by 18 U.S.C. § 3583(g) and U.S.S.G. § 7B1.3(a)(1), revoked his supervised release. Under the advisory Guidelines, Bungar therefore faced a term of imprisonment in the range of 21 to 27 months. He faced a statutory maximum, pursuant to 18 U.S.C. § 3583(e)(3), of five years' imprisonment.

The District Court heard argument as to the appropriate sentence, expressing concern over Bungar's continuing abuse of illegal drugs in spite of having received a significant downward departure at sentencing in 1997. The Court also emphasized Bungar's long history of offenses that included causing the deaths of two people and allegedly assaulting his girlfriend. Based on these considerations, the Court found that a sentence above the advisory Guidelines range was warranted, and imposed a statutory maximum sentence of 60 months' imprisonment. Bungar now appeals, arguing that the sentence imposed was unreasonable. He does not contest the Court's finding that he had committed a grade B violation. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) (authorizing review of a sentence imposed "in violation of law").

## II.

The dust has settled, post-*Booker*, and it is now well understood that an appellate court reviews a sentence for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006). We see no reason why that standard should not also apply to a sentence imposed upon a revocation of supervised release, and we so hold.[1]

---

[1] In so holding, we join a growing number of circuit courts that have reached the same conclusion. *See, e.g.*, *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006); *United States v. Tyson*, 413 F.3d 824, 825 (8th Cir. 2005); *United States v.*

Section 3553(a) instructs a sentencing court to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
. . . .
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

In order for a sentence to be reasonable, the record must demonstrate that the sentencing court gave "meaningful consideration" to these factors. *Cooper*, 437 F.3d at 329. The court need not, however, discuss a defendant's clearly

---

*Fleming*, 397 F.3d 95, 99 (2d Cir. 2005); *see also United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005) (noting that the standard of review was, before *Booker*, and remains, post-*Booker*, a review for reasonableness).

nonmeritorious arguments, or otherwise "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.*

In addition to demonstrating that it gave meaningful consideration to the § 3553(a) factors, a sentencing court must demonstrate that it reasonably applied those factors to the circumstances of the case. *Id.* at 330. Our review in this regard is highly deferential. *Id.* We may not substitute our judgment for the sentencing court's, but will affirm if we are convinced that "the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors" in light of the circumstances of the case. *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006); *see also Cooper*, 437 F.3d at 330 (noting that the central inquiry "'is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)'" (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005))). The party challenging the sentence bears the burden of proving its unreasonableness. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006).

When a sentence is imposed for a violation of the conditions of supervised release, additional considerations apply. Section 3583(e)(3) of Title 18 of the United States Code permits a district court, after considering the § 3553(a) factors,[2] to revoke a term of supervised release and sentence the defendant to imprisonment for up to five years if it finds, by a preponderance of the evidence, that the defendant violated a

---

[2] Section 3583(e) omits § 3553(a)(2)(A) (describing the punitive purposes of sentencing) and § 3553(a)(3) ("the kinds of sentences available") from among the § 3553(a) factors that a court must consider when sentencing a defendant for a violation of supervised release. At least one circuit court has held, however, that this omission does not foreclose a court from considering "other pertinent factors," such as the need for the sentence to reflect "the seriousness of the offense." *United States v. Williams*, 443 F.3d 35, 47-48 (2d Cir. 2006) (quoting § 3553(a)(2)(A)).

condition of supervised release.[3]  If a defendant, while under supervision, is found to have unlawfully possessed a controlled substance, the district court is required to revoke supervised release and sentence the defendant in accordance with subsection (e)(3).  18 U.S.C. § 3583(g)(1).  Sentence is imposed for violations of supervised release primarily to sanction the defendant's breach of trust "'while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'"  *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt.).  In imposing sentence, a district court must consider the policy statements under Chapter 7 of the Sentencing Guidelines, *see* 18 U.S.C. § 3553(a)(5); *Blackston*, 940 F.2d at 893, although the sentencing ranges set forth in the revocation table at U.S.S.G. § 7B1.4(a) are merely advisory, *Dees*, 467 F.3d at 853.

There is no dispute that Bungar used cocaine in violation of a condition of his supervised release, and that his testing positive for cocaine use constituted circumstantial evidence of simple possession, a grade B violation.  *See Blackston*, 940 F.2d at 892.  At the time of his 1997 sentencing, the District Court found him to have a Criminal History Category of VI, a finding he did not appeal.  *See* U.S.S.G. § 7B1.4 application note 1.  Under the § 7B1.4(a) policy statement, a grade B violation coupled with a Criminal History Category of VI suggests a sentencing range of 21 to 27 months.  The record clearly reflects that the Court consulted § 7B1.4(a) and calculated the correct range.  The record further establishes that the Court properly recognized that this policy statement was not binding, and that it could sentence Bungar to a statutory maximum sentence of five years' imprisonment.  *See* 18 U.S.C. § 3583(e)(3).  Accordingly, the Court adequately considered both "the kinds of sentence and the sentencing range established for . . . the applicable category

_____

[3]  A sentence of up to five years is warranted where the crime for which supervised release was originally imposed was a class A felony.  18 U.S.C. § 3583(e)(3).  Bungar's original convictions were class A felonies because they resulted in the deaths of two people.  21 U.S.C. § 841(b)(1)(C).

of offense committed by the applicable category of defendant" and the "pertinent policy statement." *See* 18 U.S.C. § 3553(a)(4), (5).

Application note 6 to § 7B1.4 states that when a defendant fails a drug test, a district court "shall" consider whether the defendant's placement in a substance abuse program might warrant an exception to the requirement of mandatory revocation. The District Court did just that, posing the following question to Bungar's counsel:

> Let's talk about [Bungar's] treatment. He served, I believe, it was 96 months . . . [i]n a federal prison where one would hope that he was without drugs. That didn't cure the situation. . . . . What makes you think that anymore [sic] treatment is going to do any good?

(Appellant's App. at 35-36.) The Court then heard the respective positions of Bungar's counsel and the government regarding whether additional drug treatment would be effective. At several points in the colloquy, the Court noted that neither incarceration nor drug counseling had proven effective, and expressed skepticism at defense counsel's suggestion that Bungar's counselors "believe in him." (*Id.* at 36-38, 40.) It is clear from the record, therefore, that the Court adequately considered the possibility of allowing Bungar to remain in a substance abuse program. *Cf.* 18 U.S.C. § 3553(a)(3) (instructing courts to consider "the kinds of sentences available").

It is equally clear that the District Court considered "the nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The Court recited the alleged violations of supervised release, and, following Bungar's admission of guilt, appropriately and specifically found that he had committed the charged conduct. The Court also demonstrated knowledge of the conduct for which Bungar was convicted in 1996, noting more than once that he had had a history of drug abuse before his incarceration that had resulted in the deaths of two people. Moreover, the Court

8

found, Bungar had a "violent criminal record" that was "replete with violent crimes, including harassment, multiple charges of simple assault, and multiple charges of disorderly conduct." (Appellant's App. at 38, 42.) These offenses resulted in a Criminal History Category of VI, the highest possible under the Guidelines. Particularly disturbing, the Court noted, was evidence that Bungar was questioned by police regarding the alleged assault of his girlfriend. Indeed, defense counsel conceded that Bungar was undergoing treatment "for both drug abuse and domestic violence issues." (*Id.* at 35.) All of these considerations, which are reflected in the record, demonstrate that the Court gave adequate and meaningful consideration to the nature of the offense and Bungar's history of criminal activity.

The record also reflects that the District Court understood the need for the sentence imposed "to reflect the seriousness of the offense"; "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)–(D). Following a colloquy concerning Bungar's questioning as to the alleged domestic assault, the Court stressed its belief that a further term of imprisonment "keeps him away from hurting other people for the time that I can keep him away from them." (Appellant's App. at 40; *see also id.* at 42 (finding that "you remain a danger to society").) On several occasions, the Court expressed its displeasure with Bungar's return to criminal activity in spite of having received a substantial downward departure in 1997 and stated that, in retrospect, it believed the original sentence was "insufficient." (*Id.* at 42.) And, as noted above, the Court found that further drug counseling was not likely to be effective.

Accordingly, we find that the District Court properly applied § 3583 and gave meaningful consideration to the factors set forth under § 3553(a). In so doing, the Court adequately established an affirmative basis for sentencing Bungar above the advisory Guidelines range. We must still consider, however, whether the final sentence represented an appropriate application of the § 3553(a) factors to the circumstances of the case.

Bungar stresses that his final sentence was more than twice the advisory Guidelines range and represents additional punishment for his 1996 convictions, rather than a sanction for the breach of trust occasioned by his violations of supervised release. Thus, he argues, the District Court failed to impose a sentence "sufficient, but not greater than necessary" to achieve the purposes set forth in § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

We decline to find that the District Court's imposition of a 60-month sentence was unreasonable. As Bungar concedes, the advisory Guidelines range under § 7B1.4 did not bind the Court. *See Dees*, 467 F.3d at 853. Moreover, he studiously ignores application note 4, which recognizes that in imposing sentence following the revocation of supervised release, a district court may consider the circumstances that informed the original sentence resulting in the supervised release – "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), . . . an upward departure may be warranted." U.S.S.G. § 7B1.4 application note 4. Consistent with application note 4, the Court sentenced Bungar above the suggested range based on its concerns that his return to illegal conduct, his extensive history of violent criminal offenses, and the recent evidence of domestic violence, showed not only that he continued to pose a threat to the community, but constituted a significant breach of the considerable trust that the Court reposed in him by granting a generous downward departure in 1997. We do not find this determination unreasonable. *See Blackston*, 940 F.2d at 894 (stating that defendant's failed drug tests, "occurring immediately on the heels of his release from prison and relating directly to the conduct for which he originally was convicted, surely bespeak a breach of trust"). *See also United States v. Larison*, 432 F.3d 921, 923 (8th Cir. 2006) (finding that 60-month sentence for drug-related violations of supervised release was not unreasonable where Guidelines suggested a range of five to eleven months and defendant had received a large substantial assistance departure at his original sentencing). Nor do we find that a district court's failure to give mitigating factors the weight a defendant contends they deserve renders the sentence unreasonable. *See United States v. Scherrer*, 444 F.3d 91, 93-95 (1st Cir. 2006) (en banc); *United States v. Rodriguez-Alvarez*,

425 F.3d 1041, 1047-48 (7th Cir. 2005).

## III.

Because Bunger has not demonstrated that the 60-month sentence imposed on him for violating the conditions of his supervised release was unreasonable, the judgment of the District Court will be affirmed.

_____