NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1800
_____

UNITED STATES OF AMERICA

v.

MARCUS SMITH,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 04-CR-651-002
District Judge: The Honorable Stewart Dalzell

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 24, 2011

Before: FUENTES, SMITH, and GREENBERG, *Circuit Judges*

(Filed: March 25, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge*.

Marcus Smith was convicted of several criminal offenses arising out of an armed

robbery.  He was sentenced to 50 months of imprisonment, the result of a generous

variance from a sentencing guideline range of 150 to 157 months.  He was also given a

five year term of supervised release.  Shortly after his release from prison, Smith violated

the terms of his supervised release. That violation led to an eight month term of imprisonment imposed in September of 2007. He was released from prison for the second time in May of 2008. In mid-August of 2008, Smith's probation officer filed a second petition for revocation of his supervised release.[1] The second petition set forth the pertinent details of Smith's violations and identified the applicable sentencing guideline range. At the revocation hearing in March of 2010, Smith did not dispute the allegations in the second petition. Smith's guideline sentencing range was only 5 to 11 months of imprisonment. The statutory maximum period of imprisonment upon revocation, however, was 52 months. The District Court imposed a sentence of 22 months imprisonment, to be followed by a 30 month term of supervised release. During the sentencing proceeding, the Court recounted Smith's checkered record on supervision and emphasized that it amounted to a "flagrant violation for the second time of your supervised release . . . that needs to be punished to vindicate the authority of the Court." The Court further noted that he could impose a longer period of incarceration, but that he was persuaded by defense counsel to give Smith "one last chance."

Smith appealed, contending that the District Court's sentence was procedurally unreasonable because the Court failed to calculate the applicable sentencing guideline range and to consider the factors set forth in 18 U.S.C. § 3553(a).[2] In *United States v.*

---

[1] The second revocation petition cited several violations, including positive drug tests, a failure to report to his probation officer, and a failure to attend group counseling sessions. It also noted that Smith had absconded from the authorities.

[2] The District Court exercised jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

*Bungar,* 478 F.3d 540 (3d Cir. 2007), we concluded that a sentence imposed upon revocation of supervised release is subject to review, consistent with *United States v. Booker*, for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 542 (citing *United States v. Booker*, 543 U.S. 220, 261-62 (2005)). After reviewing the record before us, including the thoughtful comments of Judge Dalzell during the March 11, 2010 revocation hearing, we conclude that Smith's argument lacks merit. The District Court was aware of the applicable sentencing guideline range, fully considered the § 3553(a) factors, and explained the reasons for its above-guidelines sentence. We will affirm the order of the District Court.