NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-4686
_____

UNITED STATES OF AMERICA

v.

MICHAEL DOUGLAS BYRD, a/k/a STAX,

MICHAEL DOUGLAS BYRD,
                                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 3-10-cr-00004-001)
District Judge:  The Honorable Kim R. Gibson

Submitted Under Third Circuit L.A.R. 34.1(a)
November 18, 2011

BEFORE:  RENDELL, AMBRO, and NYGAARD, *Circuit Judges*


(Filed: November 30, 2011)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Michael Douglas Byrd challenges the 120-month prison sentence the District

Court imposed following his guilty plea to distributing .94 grams of cocaine base, in

violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Byrd was sentenced as a career offender under U.S.S.G. § 4B1.1. This advisory Guidelines range was 151-188 months.

On appeal, Byrd argues that his sentence was substantively unreasonable and that the District Court abused its discretion by not varying downward to the non-career offender Guideline range, given the small amount of drugs involved in the crime. We will affirm.

Here, Byrd challenges only the substantive reasonableness of his sentence. In reviewing such a challenge, "we must give due deference to the district court's determination that the § 3553(a) factors, on a whole, justify the sentence." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Our review is "highly deferential," *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007); we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

We have carefully reviewed the record in this case and conclude that the District Court did not abuse its discretion in sentencing Byrd to a below-Guidelines range term of 120-months. If a sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). "Ultimately, '[t]he touchstone of reasonableness is whether the record as a whole reflects rational and meaningful

consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *Tomko*, 562 F.3d at 568 (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007)).  Here, the record shows that the District Court did in fact consider the factors that Byrd believes entitle him to a lesser sentence.  Immediately before announcing the sentence, the District Court specifically considered the nature and circumstances of the offense as well as Byrd's family history, criminal history, and lack of financial resources.  Nonetheless, the District Court found that a 120-month term of incarceration was necessary, and we find the District Court's conclusion to be reasonable.  The District Court thoughtfully considered the evidence before it and decided that a sentence in the middle of the Guideline range was appropriate based on its weighing of multiple factors. It concluded that a sentence of 120-months imprisonment was justified by the seriousness of the offense, would promote respect for the law, would provide just punishment and deterrence, and would protect the public. The District Court's conclusion is reasonable, and we will therefore affirm the sentence.[1]

---

[1] The Government's submission is peppered with suggestions that the defendant's brief is sub-par, accusing its author of 'desultory advocacy' and of failing to appropriately characterize her argument as one of procedural or substantive unreasonableness.  The U.S. Attorney's commentary was not only unnecessary but inaccurate.  We found the Public Defender's brief to set out the arguments on appeal cogently and succinctly.