NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3949
_____

UNITED STATES OF AMERICA

v.

GEORGE DELGADO,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cr-00602-003)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2012

Before:  SMITH and FISHER, *Circuit Judges*, and RAKOFF,[*] *District Judge*.

(Filed: June 29, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

George Delgado ("Delgado") appeals from a judgment of sentence entered by the

District Court.  For the reasons set forth below, we will affirm.

_____

[*] The Honorable Jed S. Rakoff, District Judge for the United States District Court
for the Southern District of New York, sitting by designation.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Delgado entered a guilty plea on February 5, 2007, to six counts of mail fraud, in violation of 18 U.S.C. § 1341, and five counts of health care fraud, in violation of 18 U.S.C. § 1347. He was sentenced to a term of imprisonment of 18 months, to be followed by three years of supervised release. Delgado completed the term of imprisonment on February 11, 2009. On May 27, 2011, he was arrested by Philadelphia police and charged in state court with conspiracy and possession of a controlled substance with intent to deliver. On August 12, the Probation Office submitted a notice of violation of supervised release. The District Court held a violations hearing on October 21, and Delgado stipulated to the violations. By this time, he had been convicted and sentenced in state court to one to two years' imprisonment on the drug offense, and a consecutive sentence of one to four years for a state probation violation. The Guidelines range for the violation of federal supervised release was 30 to 37 months, but the statutory maximum sentence was 24 months. The Probation Office recommended a sentence of 12 months, to run consecutive to the state court sentences. The District Court imposed a sentence of 18 months' imprisonment, to run consecutive to the state sentences. Delgado filed a timely notice of appeal.

2

The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the reasonableness of a sentence imposed upon a revocation of supervised release for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc); *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). Where, as here, a defendant challenges only the substantive reasonableness of his sentence, "we will affirm . . . unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. The defendant bears the burden of demonstrating unreasonableness. *Id.* at 567.

III.

Delgado has failed to meet this burden. When imposing a sentence for a violation of the conditions of supervised release, a district court must consider the relevant § 3553(a) factors, as well as the policy statements under Chapter 7 of the Sentencing Guidelines. *Bungar*, 478 F.3d at 543-44. A revocation sentence is imposed "primarily to sanction the defendant's breach of trust, 'while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" *Id.* at 544 (quoting *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006)).

Here, Delgado's sentence on the mail fraud and health care fraud convictions was well below the Guidelines range. As the District Court noted, it had previously given

Delgado a "break," and Delgado, apparently undeterred from criminal behavior, rewarded the District Court's trust by selling drugs. Under such circumstances, the sentence imposed by the District Court was clearly reasonable, especially given that it fell within the applicable Guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007) (explaining that within-Guidelines sentences may be afforded a "presumption of reasonableness").

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.