**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4286
_____

UNITED STATES OF AMERICA

v.

RAYVAUGHAN WHITE,
                                        Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-13-cr-00093-003)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2014
_____

Before: CHAGARES, HARDIMAN, and SHWARTZ, <u>Circuit Judges</u>.

(Filed:  November 24, 2014)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

        Rayvaughan White was sentenced to eight months' imprisonment for violating the

counterfeit currency laws.  He appeals, arguing that the District Court failed to

_____

        [*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

meaningfully consider 18 U.S.C. § 3553(a)(6)[1] and should have imposed a below-Guideline sentence.  For the reasons set forth herein, we will affirm.

I

Police arrested White and co-defendants Kyle Gumbs and Malik Burton at a mall in Bensalem, Pennsylvania, on suspicion of having passed counterfeit $100 notes at various stores.  PSR ¶¶ 6-8.  Upon arrest, officers seized fourteen, twenty-six, and six $100 counterfeit notes from White, Gumbs, and Burton, respectively.  PSR ¶¶ 7-8.  Burton explained to police that he, Gumbs, and White each knew that the money was counterfeit and that they had left New York earlier that day, in a car White rented, to spend it outside of the area in which they all lived.  PSR ¶ 9.

Each defendant pleaded guilty to conspiring to pass and passing counterfeit currency in violation of 18 U.S.C. §§ 371 and 472.  See App. 1, 42, 48.  The District Court sentenced Gumbs to four months' imprisonment, see App. 42-43, Burton to six months' imprisonment, see App. 48-49, and White to eight months' imprisonment.[2]  See App. 1-2.

During White's sentencing, the District Court adopted the Probation Office's recommendation of a total offense level of eleven, resulting in an advisory Guideline

---

[1] Section 3553(a)(6) requires sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

[2] The parties agree that the defendants are "identically situated in terms of complicity," see App. 31; Appellant Br. 17, and each began with the same offense level. Gumbs and Burton, however, received adjustments under U.S.S.G. § 3E1.1 for acceptance of responsibility, see Supp. App. 6, 36, resulting in a total offense level of nine and an advisory Guideline range of four to ten months' imprisonment.

range of eight to fourteen months.  See App. 31-40.  The District Court rejected White's request for a downward variance and declined to subtract two points from White's total offense level for acceptance of responsibility under U.S.S.G. § 3E1.1, citing his failure to comply with the conditions of pretrial release by testing positive for drugs and failing to respond to the Probation Office's request for an interview.  See App. 32.[3]  The District Court further explained:

> [W]hat you did, even though you might think it was a minor crime and it wasn't a lot of money, is a very serious criminal offense.  And I think one of the reasons we have very little counterfeiting, is that when people are convicted of it, Judges treat it seriously.  And because of that fact, and because you didn't cooperate with Pretrial requirements of submitting to a Probation Office [sic], I'm going to give you a custodial sentence.  I think it should be a [G]uideline sentence.

App. 37.  Continuing, the District Court stated:

> [L]et me be specific in terms of [18 U.S.C. §] 3553.  I think counterfeiting requires punishment.  It requires deterrence.  The defendant's conduct while on . . . pretrial release has not been satisfactory.  And I think a term of incarceration is necessary for both his own rehabilitation and for public safety.

App. 39.

White argues on appeal that the District Court failed to meaningfully consider § 3553(a)(6), see Appellant Br. 14-17, and that it should have sentenced him below the

---

[3] White asserted that he was unable to meet with his Probation Officer because he was suffering from stress-related illness and had been hospitalized.  See App. 33-35.  The District Court rejected this claim, finding that he had not been ill the entire time after his plea and there was sufficient time to have met with Probation.  App. 35.

advisory Guideline range "given the totality of the mitigating factors present in this case." Appellant Br. 15.[4]

## II

Our review of a District Court's sentencing determination must ensure that "'a substantively reasonable sentence has been imposed in a procedurally fair way.'" United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc) (quoting United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008)). "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." Id. at 567 (citing Gall v. United States, 552 U.S. 38, 51 (2007)). "The party challenging the sentence bears the burden of proving its unreasonableness." United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007).

White contends that the District Court "did not accurately consider and assess the similarity in the crimes committed by [him] and his co-defendants," as required by § 3553(a)(6), nor explain the discrepancy between their sentences. See Appellant Br. 14, 16-20. Because the District Court is required to show that "the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)," Levinson, 543 F.3d at 196, this argument is construed as a procedural challenge.

White's § 3553(a)(6) argument is without merit. "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than

---

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

uniformity among co-defendants in the same case." United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006). As a result, "a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences." Id. Because White is attempting to do just that, and because § 3553(a) permits but does not require a district court to consider sentencing disparity among co-defendants, id., any failure by the District Court to do so would not constitute procedural error.[5]

White also argues that "the totality of the mitigating factors present in this case"—including the lower sentences of his co-defendants—renders his sentence substantively unreasonable. Appellant Br. 15. Where, as here, the District Court's sentencing determination is procedurally sound, "we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons

---

[5] Moreover, the District Court did "meaningfully consider" White's sentence in relation to those of Gumbs and Burton. See Tomko, 562 F.3d at 567-68. At White's sentencing, the Government explained that White "is distinguishable from Gumbs," who had been sentenced the day before, because though both failed drug tests, White also failed to meet with the Probation Office, which the Government characterized as the "more egregious conduct." App. 31-32. White's failure to meet with Probation not only violated the Court's requirement but deprived the District Court of information that White could have provided. As a result, the District Court declined to grant him a downward adjustment for acceptance of responsibility. See App. 32, 37, 39. Thus, White was situated differently from Gumbs, who received a downward adjustment and a more lenient sentence. The District Court explicitly articulated this view at Burton's later sentencing hearing:

> Mr. Gumbs . . . had the best pretrial record of the group of you, and he got four months. Mr. White had more severe problems. He got eight months. So the sentence I'm going to give you is . . . a term of six months.

Supp. App. 15. In short, "it is perfectly clear that the [District Court] considered the need to avoid unwarranted disparities, but also considered the need to avoid unwarranted similarities among other [co-defendants] who were not similarly situated." Gall, 552 U.S. at 55 (emphasis in original).

5

the district court provided." Tomko, 562 F.3d at 568. The "touchstone" of this inquiry is "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." Id. (internal quotation marks and citations omitted).

We find that it does. At sentencing, the District Court acknowledged White's "mitigating factors," Appellant Br. 15, including his proffered excuse for violating the terms of his pretrial release and his limited criminal history, but it rejected the notion that either warranted a downward variance from the advisory Guideline range. Moreover, the District Court explained that its sentence was based in part on White's failure to meet with Probation, which distinguished him from his co-defendants.[6] Finally, the District Court made clear that its sentence was intended to promote deterrence and reflect the seriousness of the crime, which in its view "depriv[es] working people of the ability to earn money that has respect and has value." App. 36. Based on the sentence and reasons for it, we cannot say that no reasonable court would have imposed the same sentence.

III

For the foregoing reasons, we will affirm.

---

[6] Furthermore, because a criminal defendant "has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants . . . [a] disparity of sentence between co-defendants does not of itself show an abuse of discretion." Parker, 462 F.3d at 276-277 (internal quotation marks and citations omitted).