NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2978
_____

UNITED STATES OF AMERICA

v.

NORVEL VAS,
                            Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-04-cr-00489-001)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 22, 2015
_____

Before: FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*.

(Filed: June 5, 2015)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Norvel Vas ("Vas") was convicted of possession of a firearm by a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

convicted felon. The District Court originally sentenced Vas to the statutory maximum, based in part on Vas's substantial criminal history, including a Pennsylvania homicide conviction. After Vas's homicide conviction was overturned, the District Court granted Vas a new sentencing hearing and again imposed the maximum sentence. Vas now argues that it was substantively unreasonable for the District Court to impose the same sentence at resentencing. For the following reasons, we will affirm the District Court's judgment of conviction.

## I.    BACKGROUND

In the late evening of October 27, 2002, several Philadelphia Police officers were patrolling a neighborhood after a robbery. They noticed Vas standing near a parked car wearing sunglasses and approached. Vas immediately took off running. Officer Eric Riddick pursued Vas and saw Vas place a handgun onto the front tire of a car parked in a driveway. The officers eventually cornered Vas on a nearby porch. Officer Riddick then returned to the car parked in the driveway and recovered from the front tire the handgun he had seen Vas deposit there as well as a second handgun.

Vas was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Vas proceeded to trial pro se and the jury convicted him.

At his initial sentencing in 2009, the District Court sentenced Vas to 120 months' imprisonment and three years' supervised release. Based on Vas's criminal history and the offense characteristics, Vas's advisory Guidelines range was 120-150 months' imprisonment. The District Court considered Vas's extensive "history of arrests and . . .

convictions" and determined that a sentence less than the statutory maximum of 120 months' would be "egregious." App. 220-21.

In March 2012, the Pennsylvania Superior Court reversed Vas's prior homicide conviction and two related gun convictions. On remand to the Court of Common Pleas, Vas pled guilty to the two gun-related charges.

In light of this reversal, the District Court granted Vas a resentencing hearing based on Vas's argument that the District Court had strongly relied on the murder conviction in determining an appropriate sentence. Even without the homicide conviction, Vas's lengthy criminal record[1] still placed him in the highest criminal history category, and his advisory Guidelines range remained at 120-150 months' imprisonment. The District Court again imposed the maximum sentence of 120 months' imprisonment and three years' supervised release. The District Court properly considered each of the § 3553(a) factors, and noted that, even without the homicide conviction, the maximum sentence was "just and reasonable" in light of Vas's prior history of violence, weapons possession, and failure to rehabilitate. App. 390.

## II.    ANALYSIS[2]

We review sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We consider the reasonableness of a sentence

---

[1] At the time of resentencing, Vas had 14 criminal history points, which placed him in Criminal History Category VI.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

regarding the factors set forth in 18 U.S.C. § 3553(a).[3] *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). Our review of the application of the § 3553(a) factors focuses on the totality of the circumstances and is highly deferential. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009); *Bungar*, 478 F.3d at 543. We will affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence." *Tomko*, 562 F.3d at 568.

Although Vas sought a sentence below the Guidelines range, the Court fully justified its sentence and properly considered the § 3553(a) factors in denying Vas's request for a below-Guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008) (the district court's explanation must be "sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)"). Although the District Court recognized that a statutory maximum sentence is rarely a just and reasonable sentence, it concluded that such a sentence was "the right sentence for Mr. Vas and his profile, his personal history and characteristics." App. 290-91. The District Court saw "no reason to change [the] sentence" because Vas still represented a "repeated danger to the community." App. 291. We cannot conclude that no reasonable sentencing court would have imposed the same sentence. Thus, this sentence is not substantively unreasonable.

## III.   CONCLUSION

---

[3] Vas does not challenge the procedural reasonableness of his sentence on appeal.

For the foregoing reasons, we will affirm the District Court's judgment of conviction.