NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2228
_____

UNITED STATES OF AMERICA

v.

ADDIS AKA,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-14-cr-00046-001)
District Judge:  Hon. William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2019

Before:   JORDAN, KRAUSE, and ROTH, *Circuit Judges.*

(Filed: May 24, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Addis Aka appeals the sentence imposed on him by the District Court for violating the terms of his supervised release. We will affirm.

## I.   BACKGROUND

Aka pled guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C.§ 371.[1] He was sentenced to time served and two years of supervised release. As a standard condition of release, he was required to not commit another federal, state, or local crime.

About seventeen months after his release from prison, Aka was arrested for various state crimes, including theft and conspiracy to commit robbery, after choking and assaulting an individual during the course of a robbery. Two months later, he was arrested for several drug- and firearm-related offenses.[2] Based on those incidents, a warrant was issued charging him with violating his supervised release.[3]

---

[1] Aka and his codefendants manufactured and used fraudulent Visa and MasterCard gift cards to purchase merchandise.

[2] Specifically, he was charged with violations of New Jersey law for possession of a controlled substance, possession with intent to distribute heroin, possession of a controlled substance with intent to distribute within 1,000 feet of a school, possession of a weapon, theft of movable property, possession of a loaded weapon, resisting arrest, and possession of a firearm while committing a controlled substance offense.

[3] The warrant issued from the Middle District of Pennsylvania. Jurisdiction was later transferred to the District of New Jersey, where Aka was being held in state custody.

Before a revocation hearing was held, Aka pled guilty in state court to charges stemming from the above arrests and was sentenced to five years in prison.[4]  In April 2018, Aka was released from state prison and into federal custody to answer for his alleged violations of supervised release.  The District Court held a revocation hearing, and Aka pled guilty to violating supervised release by committing a state crime.

The U.S. Probation Office determined that Aka's conduct and Criminal History Category of I yielded a guidelines sentencing range of 12 to 18 months' imprisonment. He requested a sentence of time served with no supervised release.  He argued that the four-and-a-half years he had served in state prison for the underlying violation, along with the time he was likely to face due to an Immigration and Customs Enforcement ("ICE") detainer against him,[5] made time served appropriate.  The government requested a guidelines sentence of 12 to 18 months with no supervised release, based on the seriousness of Aka's violation and his inability to abide by the law.  After hearing from Aka, the District Court imposed a sentence of 17 months' imprisonment and no supervised release.  Aka timely appealed.

---

[4] Aka was sentenced by the New Jersey Superior Court of Passaic County on May 1, 2015 to five years' imprisonment for possession of a controlled dangerous substance with intent to distribute and unlawful possession of a weapon.  One month later, he was sentenced by the New Jersey Superior Court of Bergen County to five years' imprisonment for conspiracy to commit robbery, to run concurrently with his May 1 sentence.

[5] Aka is a native and citizen of the Ivory Coast.  Following his release from state prison in 2018, ICE placed a detainer on him.

## II. DISCUSSION[6]

Aka's sole claim on appeal is that his sentence is substantively unreasonable.[7] We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Aka bears the burden of demonstrating that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *Id.* at 568. He has failed to do so.

The District Court's sentence of 17 months' imprisonment was within the guidelines range of 12 to 18 months, which alone undercuts Aka's contention that his sentence was greater than necessary to fulfill the goals of sentencing. *See Rita v. United States*, 551 U.S. 338, 351 (2007) (explaining that, while a district court may not presume that a within-guidelines sentence is reasonable, a reviewing court may do so). Here, Aka flagrantly violated the terms of his supervised release, and the District Court's within-guidelines sentence was a reasonable sanction for his "breach of the Court's trust." *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006).

Nonetheless, Aka argues that the District Court's sentence was overly punitive, in part because it failed to assign his rehabilitation efforts the "great weight" he believes they are due. (Opening Br. at 11 (quoting *Gall*, 552 U.S. at 59).) But a "court's failure to

---

[6] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[7] Aka does not challenge his sentence as procedurally unreasonable. Accordingly, he has forfeited any such argument. *United States v. Stadtmauer*, 620 F.3d 238, 264 n.31 (3d Cir. 2010).

4

give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). Similarly unavailing are Aka's contentions that he is effectively being punished twice for the same conduct and that the District Court placed too much weight on the punitive aspects of sentencing, including Aka's need "to do penance[.]" (App. at 30.) The objective of sentencing following revocation of supervised release is to "sanction" the defendant's breach of trust. *Bungar*, 478 F.3d at 544; *see also Dees*, 467 F.3d at 853 (explaining that the focus of a revocation sentence is on the defendant's breach of trust, not on the underlying violation). The District Court explained that a 17-month sentence was necessary to punish Aka for his violation of supervised release, "and we afford great deference to its decision." *United States v. Kluger*, 722 F.3d 549, 571 (3d Cir. 2013). In short, Aka has failed to demonstrate that "no reasonable sentencing court would have imposed the same sentence" that it imposed. *Tomko*, 562 F.3d at 568.

III.    CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.