**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2247
_____

UNITED STATES OF AMERICA

v.

MICHAEL MILCHIN,
                                        *Appellant*
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-17-cr-00284-001)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2020
_____

Before: McKEE, BIBAS, and NYGAARD, *Circuit Judges*.

(Opinion filed: August 19, 2020)
_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Milchin asks us to vacate his sentence of 168 months' imprisonment for health care fraud, and related offenses, and remand for resentencing.[1] He argues that the district court improperly weighed his drug addiction against him as a character flaw that exacerbated his culpability, rather than a disease which mitigated it, resulting in a substantively unreasonable sentence. Because the district court properly considered the relevant factors and imposed a reasonable sentence, we will affirm.[2]

We review the substantive reasonableness of a district court's sentence for abuse of discretion.[3] Since Milchin alleges no procedural error, his within-guidelines sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[4] Here, the district court heard and considered Milchin's testimony about the effect of his opioid addiction on his decision-making and his subsequent recovery. However, the court also considered how his involvement with, and profit from, the opioid epidemic should be factored into his sentence. To be sure, the sentencing court's characterization of Milchin as "a narcissistic, self-centered, egotistical, myopic person" and a "conman, a manipulator and an absolutely remorseless criminal who accepts no

---

[1] Milchin pleaded guilty to one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 371, five counts of health care fraud in violation of 18 U.S.C. § 1347, conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846, and fifteen counts of possession of oxycodone with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). *See* A2.

[2] The district court had subject matter jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231 and we have jurisdiction to review Milchin's sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] *Gall v. United States*, 552 U.S. 38, 46 (2007).

[4] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

responsibility for the magnitude of what he did" is harsh; but it is not unsupported by the record.[5] Moreover, "a district court's failure to give mitigating factors the weight a defendant contends they deserve" does not render the sentence unreasonable.[6] The district court did not abuse its discretion in determining that, despite his addiction, Milchin executed sophisticated, profitable schemes to defraud healthcare companies and flood the illicit opioid market with about 130,000 oxycodone pills. That behavior went substantially beyond the pathology of addiction.

Moreover, the district court discussed the factors that went into its sentencing decision under Section 3553(a). These included the need to deter those who seek to profit from the opioid crisis and the need to protect the public from future crimes by Milchin, who has proven himself a sophisticated criminal.[7] The district court considered the relevant factors—including Milchin's addiction as well as the extent to which he attempted to profit from the addiction of others. The court selected an appropriate sentence within the correct guidelines range, and we will therefore affirm.

---

[5] A163.
[6] *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).
[7] *Gall*, 552 U.S. at 49-50.

3