**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-3399

UNITED STATES OF AMERICA

v.

ROBERT MELENDEZ,
                    Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-09-cr-00327-001)
District Court Judge: Honorable Malachy E. Mannion

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 12, 2021

Before: MCKEE, GREENAWAY, JR, and RESTREPO, *Circuit Judges*

(Opinion filed: November 12, 2021)

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*

Robert Melendez appeals the District Court's sentence for his Grade C violation of supervised release. For the following reasons, we will affirm the District Court.[1]

**I.**

The relevant sentencing guideline range for a Grade C violation for someone with Melendez's criminal history for failure to report a new arrest is between four- and ten-months' imprisonment with a maximum of three years. During the supervised release revocation hearing, Melendez's counsel requested a sentence towards the lower end of the range, and the Government requested "at least the ten-month end of the guidelines, if not something more significant given this [was] the second violation."[2] The District Court sentenced Melendez to eighteen months.[3] In doing so, the Court explained that it considered the factors listed in 18 U.S.C. § 3553,[4] and "in light of the fact that this is a second violation of supervised release," the Court closely considered the extent to which

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). *See, e.g.*, *United States v. Shulick*, 994 F.3d 123, 131 n.1 (3d Cir. 2021).

[2] JA at 71. Melendez had previously been sentenced to fifteen months for a Grade A violation in which the sentence guidelines were between fifteen and twenty-one months. Appellant Br. at 13.

[3] *Id.*

[4] These factors can be summarized as: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence, *inter alia*, to promote respect for the law and deterrence; (3) the types of available sentences; (4) the type of sentence and sentencing range set forth in the Guidelines for "the applicable category of offense committed by the applicable category of defendant; (5) "any pertinent policy statement" issued by the Sentencing Commission and in effect on the sentencing date; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records"; and (7) any need to provide restitution. 18 U.S.C. § 3553(a).

this was a violation of trust.[5]  The Court discussed how this was the second time

Melendez had violated supervised release, noting that the fifteen-month sentence

Melendez had received for the prior violation clearly did not work to deter him.

Accordingly, the District Court "determined a sentence above the guideline range . . . to

provide adequate punishment and deterrence."[6]  Melendez timely appeals.

Melendez presents one issue on appeal: whether the District Court's sentence for a

Grade C violation of supervised release is substantively unreasonable.[7]  He argues that

the sentence is unreasonable for two reasons: (1) the Sentencing Guidelines Manual

"specifically rejected punishment as the focus for a revocation sentence,"[8] and (2) the

District Court made the sentence longer than a previous revocation sentence for a higher-

grade violation.

In assessing whether the District Court abused its discretion, we must determine

whether "no reasonable sentencing court would have imposed the same sentence on that

particular defendant for the reasons the district court provided."[9]  When reviewing a

sentence for reasonableness, we must do so "with regard to the factors set forth in 18

U.S.C. § 3553(a)."[10]  This standard is highly deferential to the District Court's

application of the § 3553(a) factors.[11]

---

[5] JA at 71.
[6] *Id.*
[7] Whether the District Court's sentence was unreasonable is reviewed for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 564 (3d Cir. 2009).
[8] Appellant Br. at 12.
[9] *Tomko*, 562 F.3d at 568.
[10] *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007).
[11] *Id.* at 543.

Melendez argues that the District Court impermissibly justified the upward variance as a means to provide "adequate punishment and deterrence."[12] He reasons that "the Sentencing Guidelines specifically rejected using punishment as the focus for a revocation sentence."[13] As Melendez correctly points out, the Sentencing Guidelines Manual clearly states that a revocation sentence should not be used to punish the defendant for the underlying conduct.[14] However, Melendez overstates this limitation. He argues that it does not allow for punishment as a response to a violation at all.[15] The manual instead states that the revocation sentence should "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."[16] The District Court adhered to these considerations.

The District Court expressly stated that its purpose was to "sentence [Melendez] based on the factors under [§] 3553, and more particularly . . . for [his] violation of trust."[17] In determining the extent to which Melendez violated trust, the Court considered this was the second time he was being sentenced for violating supervised release.[18] To sanction this violation and deter Melendez from violating supervised release in the future, the District Court decided that a "sentence above the guidelines range [was]

---

[12] Appellant Br. at 12.
[13] Appellant Br. at 12 (citing U.S. SENTENCING GUIDELINES MANUAL ch. 7, pt. A, introductory cmt. 3(b) (U.S. SENTENCING COMM'N 2018)).
[14] *Id.* (citing U.S. SENTENCING GUIDELINES MANUAL ch. 7, pt. A, introductory cmt. 3(b)).
[15] *See id.*
[16] U.S. SENTENCING GUIDELINES MANUAL ch. 7, pt. A, introductory cmt. 3(b).
[17] JA at 71.
[18] *Id.*

appropriate."[19]  At no point did the District Court discuss punishing the underlying

offenses.  In fact, the District Court stated more than once that the purpose of the

sentence was not to punish Melendez's new, alleged criminal conduct.[20]  The District

Court was instead considering the extent to which this repeated violation was a breach of

trust.

Moreover, Melendez argues that the upward variance from the four- to ten-month

guideline range was unreasonable.  He reasons that the Court inappropriately considered

the previous fifteen-month revocation sentence, determining that this sentence would

necessarily have to be longer, without acknowledging that the previous sentence was for

a higher-grade violation with a guideline range of fifteen to twenty-one months.  We

disagree.

Although above the guideline range, the eighteen-month sentence is well below

the three-year maximum sentence for a Grade C violation.  The District Court sentenced

Melendez based on the relevant guideline range of four to ten months, not based on the

previous guideline range of fifteen to twenty-one months.  The Court referenced the

previous fifteen-month sentence only to explain that it thought a sentence above the range

would be necessary to deter Melendez from violating conditions of supervised release in

the future.  The District Court made clear that it was applying the § 3553 factors under

the backdrop of this being Melendez's second breach of trust.  And in doing so it

---

[19] *Id.*

[20] *Id.* at 70.

5

reasoned that a sentence within four to ten months was inadequate. We cannot conclude that no reasonable sentencing court would have imposed the same sentence on Melendez.

## II.

For the foregoing reasons, the District Court did not abuse its discretion in sentencing Melendez for his Grade C violation of supervised release. We will therefore affirm the District Court's sentence.