**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1206
_____

UNITED STATES OF AMERICA

v.

CHRISTIAN L. WHITTAKER,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-22-cr-00251-001)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Filed: September 26, 2024)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Christian Whittaker pleaded guilty to one count of making a false claim to the United States. He now appeals his sentence imposed by the District Court. Discerning no error, we will affirm.

I.      **BACKGROUND**

In March 2016, Whittaker applied for an Employer Identification Number for Chucadeez, LLC, a fictitious business he had created. For each year from 2016 to 2019, Whittaker knowingly filed a false tax form on which he claimed income, expenses, and withholdings from Chucadeez, accumulating over $390,000 in federal tax refunds as a result. The IRS eventually caught on and a grand jury later indicted Whittaker on four counts of making a false claim to the United States—one charge for each year he made a false claim—in violation of 18 U.S.C. § 287.

Whittaker pleaded guilty to one of the four counts. While the Government agreed to dismiss the other three false-claim counts, Whittaker agreed that the Court could base the loss and restitution amounts on the conduct underlying all four counts and treat those amounts as relevant conduct for sentencing purposes. As part of the plea agreement, the parties stipulated that Whittaker's offense level was 15 and that each party could seek or oppose a sentencing variance. Whittaker's criminal history score totaled 29, resulting in a criminal history category of VI. Based on these figures, Whittaker's Guidelines-range sentence was 41 to 51 months.

At his sentencing hearing, Whittaker requested a downward variance from the Guidelines range based on his poor health, his contention that his criminal history score

significantly overstated the seriousness of his criminal record, and his personal characteristics. The District Court denied his request and sentenced him to 48 months' imprisonment followed by three years' supervised release. The District Court also ordered him to pay $390,682 in restitution.

## II. DISCUSSION[1]

Whittaker contends that the District Court abused its discretion by denying his request for a downward variance, erring both procedurally and substantively.[2] We disagree.

For a sentence to be procedurally reasonable, a sentencing court must (1) calculate the applicable Guidelines range; (2) consider any requests for variances; and (3) weigh the factors contained in 18 U.S.C. § 3553(a). *United States v. Levinson*, 543 F.3d 190, 194–95 (3d Cir. 2008). Here, the District Court did not procedurally err. It correctly calculated the Guidelines range, to which the parties had already stipulated. It also considered Whittaker's request for a downward variance. And it carefully weighed the § 3553(a) factors, providing explanations for each and for the final sentence. Though Whittaker contends the District Court "did not give meaningful consideration" to two of

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's sentence for abuse of discretion, assessing both substantive and procedural reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review those issues not raised before the District Court for plain error. *United States v. Brito*, 979 F.3d 185, 190 (3d Cir. 2020).

[2] Generously interpreted, Whittaker's brief can be read to lodge both procedural and substantive challenges to his sentence. *See* Opening Br. 9, 11–12. Whittaker did not make a procedural objection below, though, so we review that claim for plain error. *Brito*, 979 F.3d at 190.

those factors, "the nature and circumstances of the offense and the individual defendant," Opening Br. 11–12, the Court did, in fact, properly consider those factors, including by taking into account Whittaker's remorse, his purported health conditions, and his criminal history. *See* App. 57–61. As such, the District Court did not procedurally err at all, let alone plainly err.

Whittaker's sentence is also substantively reasonable. A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). We presume that a sentence within the Guidelines range is substantively reasonable. *United States v. Lacerda*, 958 F.3d 196, 215 (3d Cir. 2020).

While he does not argue that his criminal history score was calculated incorrectly, Whittaker asserts that his criminal history category of VI "vastly overrepresent[s] the seriousness of his criminal history" and "overstates [his] risk of re-offending and the minimal danger he poses to the community." Opening Br. 9–10. As a result, Whittaker argues, the District Court should have discounted 25 of his 29 criminal history points because they "are associated with non-violent offenses committed 12 or more years earlier." *Id.* at 10. But the District Court was under no obligation to ignore those 25 criminal history points and thereby artificially lower Whittaker's criminal history category. And as set forth above, the District Court carefully weighed the mitigating factors he presented before imposing its sentence, including those that bear on the severity of Whittaker's criminal history, as well as his medical conditions, which the

4

District Court noted could "be taken care of within the context of the B[ureau] [of] P[risons]." App. 60. While Whittaker may disagree with that Court's conclusion, a "failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).

As the 48-month within-Guidelines sentence imposed by the District Court "falls within the broad range of possible sentences that can be considered reasonable in light of [Whittaker's] § 3553(a) factors," *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008), that sentence was substantively, as well as procedurally, reasonable.

## III.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.