NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2124
_____

UNITED STATES OF AMERICA

v.

KEITH CUNNIFFE, a/k/a Dawon Simmons

Keith Cunniffe,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-11-cr-00684-001
District Judge: The Honorable Esther Salas

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 19, 2018

Before: SMITH, *Chief Judge,* HARDIMAN, and ROTH, *Circuit Judges*

(Filed: May 17, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, *Circuit Judge.*

Keith Cunniffe was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After serving a prison sentence of 70 months, Cunniffe began a term of supervised release in June of 2016. In December of 2016, he was involved in an altercation during which he pulled a knife and began stabbing another person. New Jersey law enforcement charged Cunniffe with unlawful possession of a weapon. Thereafter, his probation officer filed a petition alleging that he violated the mandatory term of his supervised release which prohibited him from committing another federal, state or local crime. *See* 18 U.S.C. § 3583(d). The petition also alleged that Cunniffe had tested positive several times for marijuana. Following a guilty plea to the New Jersey criminal offense, the District Court conducted a revocation hearing. The District Court agreed to Cunniffe's request to amend the violation from a grade A violation to a grade B violation. After Cuniffe pled guilty to violating his supervised release, the Court imposed a 24 month sentence of imprisonment. This timely appeal followed.[2]

Cunniffe contends that the 24 month sentence at the top of the guideline range is substantively unreasonable. We review for an abuse of discretion. *United States v. Thornhill*, 759 F.3d 299, 307 n.9 (3d Cir. 2014). "We may not substitute our

---

[2] The District Court exercised jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

judgment for the sentencing court's, but will affirm if we are convinced that 'the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors' in light of the circumstances of the case." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)).

Cunniffe asserts that the District Court erred by focusing on the seriousness of the underlying offense and his criminal history, instead of giving primary consideration to his breach of trust. He relies on *United States v. Young*, 634 F.3d 233, 241 (3d Cir. 2011), where we reiterated that the "primary purpose of a sentence for the violation of supervised release is 'to sanction the defendant's breach of trust.'" *Id.* (quoting *Bungar*, 478 F.3d at 544).

The record does not support Cunniffe's contention. It demonstrates instead that the District Court was earnestly trying to grasp all of the circumstances at play in Cunniffe's case and determine an appropriate sentence. The District Judge noted that if she "thought that Mr. Cuniffe was really amenable to change," she would not impose the 24 month sentence at the top of the guideline range. But the seriousness of the violation established a need to protect the public, and in the District Court's assessment, a lower sentence would not serve as an adequate deterrent.

Given the District Court's thoughtful approach to sentencing Cunniffe for his violation of the terms of his supervised release, we conclude there is no basis for disturbing its judgment. We will affirm.