NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3808
_____

UNITED STATES OF AMERICA

v.

MATTHEW NABER,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-04-cr-00173-001)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 4, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*.

(Filed: September 11, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Matthew Naber appeals the District Court's judgment of sentence imposing a 60-month term of imprisonment. We will affirm.[1]

This appeal raises one issue: was Naber's sentence substantively unreasonable? Our highly deferential standard of review requires us to affirm unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). We hold that Naber has failed to carry this heavy burden. *See United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007).

While on supervised release for a prior federal offense, Naber was convicted in New Jersey state court of possession with intent to distribute controlled substances. He was sentenced to ten years' imprisonment, with parole eligibility after five years. Soon after Naber completed his state prison term, the Government petitioned the District Court to revoke his federal supervised release and Naber pleaded guilty to a Grade A violation. United States Sentencing Guidelines (USSG) § 7B1.1(a)(1) (2016). Naber's advisory Guidelines range was 51 to 63 months, USSG § 7B1.4(a), and the District Court imposed the statutory maximum sentence of 60 months' imprisonment. 18 U.S.C. § 3583(e)(3).

Naber's principal argument on appeal is that the District Court punished him for violating New Jersey law rather than for the "breach of trust" that defines the separate wrong of a supervised release violation. Naber Br. 12. Naber argues that the District

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Court focused on "the seriousness of the underlying violation and the criminal history of the violator" instead of taking those considerations into account only "to a limited degree" and "sanction[ing] primarily [Naber's] breach of trust" as the Sentencing Guidelines require. Naber Br. 20. *See* USSG Ch. 7, Pt. A, § 3(b) (2016).

A complete review of the record belies Naber's argument. It is true that the District Court noted "the seriousness of what happened here" and its responsibility "to impose a sentence . . . to reflect the seriousness of what occurred here." App. 31–32; Naber Br. 11. But those comments do not prove that the District Court wrongly focused on the underlying state crime. In fact, the District Court explicitly distinguished its sentence for Naber's violation of his conditions of supervised release from the state sentence that triggered the violation. It did so by connecting "the seriousness of what happened here" to "the fact that [Naber was] on supervised release and yet felt it was acceptable in some way, shape or form to engage in further criminal conduct." App. 31. The District Court made clear that its sentence was meant to address Naber's violation of the conditions of his supervised release, reflect his extensive criminal history, and deter him from future violations.

Naber responds that the 60-month federal sentence must have been to punish him for his state offense because he served equal time on the state conviction. There are at least two problems with this argument. First, the state court sentenced Naber to ten years' imprisonment, twice the length of time imposed by the District Court. Second, the fact that Naber's federal sentence was equal to the parole-ineligible time he served in state prison does not mean that the federal sentence was punishment for the state crime. This is

especially true where, as here, the federal sentence is within the Sentencing Guidelines for the violation. *See, e.g.*, *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (affirming sentence upon revocation of supervised release that "*exceed[ed]* the initial sentence of imprisonment") (emphasis added).

The record also reflects that the District Court carefully assessed Naber's case in light of the factors enumerated in 18 U.S.C. § 3553(a). The Court acknowledged its "responsibility . . . to impose a sentence that is sufficient but not greater than necessary" and noted that the sentence "must avoid unwarranted sentencing disparities[,] . . . protect the community[,] and not only deter others but [also] deter [Naber] specifically." App. 30. The Court acknowledged the effort and progress Naber had made "to be a productive member of society" during his initial period of supervised release, but recognized that it had to consider the nature and circumstances of the offense to which Naber pleaded guilty and his individual history and characteristics, including his extensive criminal history. App. 31. This was "more than a rote recitation of the § 3553(a) factors" and demonstrates the District Court's thorough consideration and application of these factors in its decision to impose a sentence within Naber's Sentencing Guidelines range. *Tomko*, 562 F.3d at 567.

For the reasons stated, we will affirm Naber's judgment of sentence.