NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 18-1405

————————

UNITED STATES OF AMERICA

v.

ANQUAN CLARK,

Appellant

————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-11-cr-00609-001)
District Judge: Honorable Jose L. Linares

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2018

Before: AMBRO, CHAGARES, and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 16, 2018)

————————

OPINION*

————————

AMBRO, Circuit Judge

Anquan Clark appeals his sentence of twelve months and one day of incarceration,

to be followed by one year of supervised release, imposed for violating supervised

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

release.[1] Clark pleaded guilty to two Grade C violations, one for assault of a female co-worker and one for obstruction due to his threat to kill East Orange police. The parties agreed the Sentencing Guidelines range that applied to Clark, based on these violations and his Criminal History Category, was six to twelve months. The District Court sentenced him to twelve months in custody and one year of supervised release; Clark's defense counsel requested one day be added to his period of incarceration.

Clark argues his sentence is substantively unreasonable because it is greater than necessary to satisfy the applicable sentencing goals set forth in 18 U.S.C. § 3553(a). He contends his violations were not serious and the Court should have given greater consideration to his need for drug addiction treatment and rehabilitation. If it had, he argues, it would have reduced his prison term so that he could spend more time in a drug-treatment program available in a halfway house. We review Clark's sentence under a reasonableness standard, *United States v. Bungar*, 478 F.3d 540, 541 (3d Cir. 2007), to determine whether the sentence imposed is "sufficient, but not greater than necessary" to accomplish the applicable sentencing goals under § 3553(a).

We cannot say the sentence imposed on Clark is substantively unreasonable. The Court, before deciding the sentence, recounted Clark's argument that he was in need of drug treatment, and it decided supervised release following incarceration would fulfill that need. *Cf. Tapia v. United States*, 564 U.S. 300 (2011) (holding courts at sentencing may not impose or lengthen a prison sentence to promote rehabilitation, but noting rehabilitation may pertain to other kinds of sentences such as supervised release). The

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e), and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Court also considered Clark's positive characteristics (*i.e.*, that he is employable and charismatic), stated the applicable sentencing factors, noted the violations to which Clark pleaded guilty were comprised of violence or threatened violence, and described his history of disregarding his supervised release conditions, noncompliance, and lying. In this light, the Court found some amount of punishment necessary as well as deterrence against further violations of supervised release. It also recommended to the Bureau of Prisons that Clark receive drug treatment while in prison. Hence the District Court gave meaningful consideration to the applicable sentencing goals and reasonably applied them to Clark's circumstances when it decided his sentence.

Thus we affirm.