**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2400

_____

UNITED STATES OF AMERICA

v.

ERIC SCOTT,
                                   Appellant

_____

On appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cr-00565-001)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 30, 2023

Before: JORDAN, KRAUSE, and SMITH, *Circuit Judges*

(Filed: July 10, 2023)

_____

OPINION*

_____


Krause, *Circuit Judge.*

On appeal of his resentencing for a conviction under 18 U.S.C. § 922(g)(1),

Appellant Eric Scott asserts that the District Court's imposition of a 19-month upward

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

variance from the applicable Sentencing Guideline range was substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion, *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008), and "will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view." *United States v. Tomko*, 562 F.3d 558, 565 (3d Cir. 2009) (en banc) (quotation marks and citation omitted).  Because we discern no abuse of discretion here, we will affirm.

## I.    DISCUSSION[1]

A district court may depart from the applicable sentencing range prescribed by the Guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."  18 U.S.C. § 3553(b)(1).  The decision to grant a variance must be "premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

In reviewing such a variance, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).  As relevant here, those factors include the nature and circumstances of the offense, and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), along with the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide for just punishment, adequately deter criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A)–(C).

Here, we cannot say the District Court abused its discretion by imposing an upward variance. While Scott submits that the Court did not engage in "appropriate and judicious consideration of the relevant factors," *Schweitzer*, 454 F.3d at 204, in actuality, it evaluated the factors permissibly, if differently than Scott had hoped: it provided an extensive explanation as to why the § 3553(a) factors warranted the variance despite Scott's assertion that he had changed, and it reasonably concluded that the protection of the public also favored a greater sentence in view of Scott's long history of criminal offenses—two of which involved illegal weapons and endangered both civilians and law enforcement officers.

While Scott contends the District Court failed to consider certain "other mitigating points," Opening Br. at 15, such as "the fact that all of Mr. Scott's history has occurred within a short window of time as a teenager/young adult, or that he will be, as counsel noted, a father and a husband in his later 30's upon release," *id.* at 15–16, a district court need not expressly address every assertion to demonstrate that it sufficiently "took the [relevant] factors into account in sentencing," *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (quotation marks and citation omitted), and its decision "not to give such mitigating factors the weight that [defendant] contends they deserve does not render [his]

3

sentence unreasonable," *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007); *see also Tomko*, 562 F.3d at 561.

Nor do we discern any abuse of discretion in the District Court's choice to reimpose Scott's original sentence despite an intervening change in our interpretation of the applicable Sentencing Guideline.[2] At resentencing, the District Court carefully considered whether to exercise its discretion to impose a sentence above the revised applicable range and determined that what it viewed as a legal technicality should not undermine the incredibly violent nature of Scott's prior Hobbs Act robbery, which involved armed individuals going into a house and robbing a family in the presence of very young minor children. Because "[t]he District Court gave specific reasons for why [Scott's] sentence varie[d] from the Guidelines range," *Tomko*, 562 F.3d at 571, and we cannot say that "no reasonable person would adopt the [D]istrict [C]ourt's view," *id*. at 565, we see no error in the upward variance it imposed.

Accordingly, we will affirm the District Court's judgment.

---

[2] On appeal of Scott's original sentence of 90 months, this Court concluded Scott's prior Hobbs Act robbery conviction did not qualify as a "crime of violence" under the categorical approach, thus altering the applicable Guideline range. *See United States v. Scott*, 14 F.4th 190, 193 (3d Cir. 2021). Accordingly, we remanded for resentencing.

4